**SELIG v. ALLEN.**

**Civ. A. No. 819.**

United States District Court
M. D. Georgia, Macon Division.

April 3, 1952.

------◆------

Herman Heyman, Atlanta, Ga., for plaintiff.

John P. Cowart, U. S. Atty., Macon, Ga., T. Reese Watkins, Asst. U. S. Atty., Macon, Ga., Lyle M. Turner, Sp. Asst. to Atty. Gen., for defendant.

DAVIS, Chief Judge.

Plaintiff taxpayer is the widow of the late Simon S. Selig, with whom she was engaged in business from the date of their marriage in 1906 until his death. For many years they were partners in a chemical disinfectant business, known as "The Selig Co." This business was conducted as a partnership until 1923, at which time it was incorporated, with the stock being divided almost equally between Plaintiff and her husband. They continued to own equal or almost equal shares of the business until the death of Simon Selig on May 10, 1943.

Throughout the life of "The Selig Co." it has realized large profits, approximately one-half of which accrued to the Plaintiff. While the Plaintiff knew nothing of business affairs, her husband was an excellent business man. Because of this situation, the Plaintiff allowed her husband to exercise complete management of her profits, over and above such amounts as she withdrew for her own purposes. The great majority of these profits were invested by him, together with his own share of profits, in various parcels of realty. Title to this real estate was taken in the name of Simon Selig but it was at all times understood that the Plaintiff owned a one-half undivided interest in said realty. The income from the realty was reported one-half on the Plaintiff's Federal income tax return and one-half on his return. There is no dispute as to the genuineness of this arrangement.

Simon Selig died suddenly on May 10, 1943, while on a visit to Hot Springs, Ark. No steps had been taken for the dissolution of the business arrangement between them. In his will, Simon Selig named his wife as residuary legatee. She was also named as one of the five executors. The Fulton National Bank of Atlanta was also named as an executor and the will provided that in case of any dispute, a majority of the executors should control. The will gave the executors broad powers of private sale and reinvestment of any assets of the estate.

The executors, upon learning of the Plaintiff's claim to an undivided one-half interest in most of the real estate, retained tax counsel to advise them in the filing of the estate tax return. They were advised that the Plaintiff's mere assertion of a claim was not sufficient to justify exclusion from the estate tax return of one-half of these properties. The Plaintiff resigned from her position as an executor and employed counsel. On her behalf, her counsel instituted, in Fulton Superior Court, an equitable action seeking a decree that the Plaintiff was entitled to a one-half interest in said properties and requiring the executors to execute a deed in compliance therewith. This action was commenced in June, 1944. A decree confirming Plaintiff's claim and ordering a conveyance to her was entered on November 20, 1944. The court decreed title to one-half of such property to have been Plaintiff's from date of its acquisition.

In return for legal services rendered in connection with obtaining the decree, the Plaintiff paid her counsel a fee of $4,500 and expenses in the amount of $354.10. These sums were paid in 1945. On her income tax return for the year 1945, Plaintiff claimed a deduction of $4,854.10 for counsel fees and legal expenses. This deduction was disallowed and a deficiency assessed against the Plaintiff. She paid the assessment and filed a claim for refund for $3,768.26. Said claim was rejected on June 22, 1950, and the Plaintiff filed this action.

The Plaintiff claims that the sums sued for represent expenses incurred for the conservation of property held for the production of income within the meaning of Section 23(a) (2), Internal Revenue Code, 26 U.S.C. The evidence disclosed that the exclusion of one-half of the properties involved from the estate of Simon Selig brought about an estate tax savings in excess of $35,000. There was also evidence to the effect that exclusion of said one-half interest resulted in a considerable savings in connection with administration fees and costs.

It is clear that the estate was large enough for payment of all special bequests and debts without encroaching upon the realty. It is not clear whether the estate tax could have been paid without so encroaching. Had the Plaintiff received her one-half interest under the will, instead of by court action, said one-half interest would have been greatly diminished by virtue of estate taxes and administration fees and costs.

This case involves but one clear cut question: Does the expenditure for counsel fees and expenses under the facts in this case come within the deduction set forth in Section 23(a), (2), Internal Revenue Code? The Plaintiff contends that it was an expenditure made in order to conserve property held for income purposes. There is no dispute here as to whether the property was held for the purpose of earning income.

That is clearly true. The only question is whether the expense was incurred in order to conserve said property. The defendant contends that this was a capital expense incurred in the acquisition of title.

The Superior Court action instituted by the Plaintiff did involve the transfer of legal title to her. This, however, was incidental as legal title would have ultimately passed to her by inheritance. Title, even though equitable, was and had been in the Plaintiff. The real purpose of her action was to prevent the laying waste of her property by assessment of wrongful estate taxes and administration expenses against it. The action was initiated to enable her to resist the levying of wrongful charges against her income producing property. She would not have resisted the wrongful appropriation of her property by her husband's estate except for the fact that it would have resulted in greatly diminishing her property. Mere perfection of a disputed title was not the Plaintiff's purpose. She brought the suit in order to conserve income producing property which she already owned.

In addition to the charges which would have been levied against her property had she not resorted to court action, her property, if treated as part of Simon Selig's estate, could have been sold by the executors under the powers given them in his will. It seems clear that legal action taken to forestall such depletions and possible sale of her property is conservatory in nature.

Of the many authorities cited in this case, none of the cases seems to be directly in point. Trust of Bingham v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 1235, 89 L.Ed. 1670 does contain some discussion which may be pertinent here. The Court there held that the requirement "that deductible expenses be 'ordinary and necessary' implies that they must be reasonable in amount and must bear a reasonable and proximate relation to the management of property held for the production of income."

It seems clear that the expenses here sought to be deducted were reasonable in amount and bore a reasonable and proximate relation to the conservation of property held for income, and were thus deductible. See also H.R.Rep. No. 2333, 77th Cong., 2nd Session, and S.Rep. No. 1631, 77th Cong. 2nd Sess., 87–88.

The Court in the Bingham case held further: "Section 23(a) (2) does not restrict deductions to those litigation expenses which alone produce income. On the contrary * * * the trust * * * may deduct litigation expenses when they are directly connected with or proximately result from the enterprise—the management of property held for production of income."

The litigation expenses here involved would be deductible as expenses directly connected with and proximately resulting from the conservation of property held for the production of income.

The taxes here sought to be recovered were wrongfully assessed and collected and the Plaintiff is entitled to a refund of said taxes, together with interest. Let the Plaintiff present a judgment in accordance with this opinion.