**NORTHERN TRUST CO.**

v.

**CAMPBELL.**

No. 10895.

United States Court of Appeals
Seventh Circuit.

March 29, 1954.

**252**

H. Brian Holland, Asst. Atty. Gen., Carolyn R. Just, Atty., U. S. Dept. of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Otto Kerner, Jr., U. S. Atty., John A. Looby, Jr., Asst. U. S. Atty., Chicago, Ill., Ellis N. Slack, Robert N. Anderson, David O. Walter, Sp. Assts. to the Atty. Gen., for appellant.

Austin L. Wyman, Harold Engstrom, Stella Clinton, Chicago, Ill., Cummings & Wyman, Chicago, Ill., Attys. for Northern Trust Co., as trustee, etc.

Before DUFFY, SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

This is a suit for recovery of income taxes in the sum of $5,772.46, paid by Ross W. McKinstry, now deceased, for the year 1946. The question at issue is whether a taxpayer in computing net income may deduct, under § 23(a) (2) of the Internal Revenue Code, 26 U.S. C.A., attorney fees incurred in defending a claim for federal estate taxes asserted against him as transferee. The district court determined that the attorney fees and costs paid by McKinstry were deductible and concluded, "Such expenses are directly and proximately related to the conservation and maintenance of the income producing property of taxpayer's decedent." As a matter of law, the court concluded, "The trust fund fulfills the statutory requirement 'property held for the production of income.'"

In 1934, Addis E. McKinstry created a trust providing for a life interest therein for his wife, Elizabeth, with remainder on her death to his son, Ross W. McKinstry. He filed a gift tax return and paid a gift tax. Addis McKinstry died in 1941. Ross McKinstry, as executor, filed an estate tax return in June, 1942, and paid an estate tax of $108,373.21. Elizabeth died on December 11, 1942, and the assets of the trust were turned over to Ross W. McKinstry.

The estate of Addis McKinstry was closed and the executor discharged. Thereafter, on March 15, 1943, the Commissioner claimed that $41,453.97 in estate tax was due from Ross W. McKinstry, as transferee. A deficiency assessment was made, and same was paid on April 27, 1943. The basis for this claim was that the trust created by Addis E. McKinstry was a transfer taking effect upon the death of the settlor, and was taxable as part of his estate under § 811(c), Internal Revenue Code. Ross W. McKinstry brought suit for refund in the United States District Court for the Northern District of Illinois, Eastern Division, and was successful.[1] The court

1. The decision, McKinstry v. Harrison, was not officially reported but was published in 34 A.F.T.R. 1670.

there held that the trust was not part of the estate of Addis E. McKinstry at the time of his death, and that there was no sum then due as federal estate tax. In that suit Ross W. McKinstry expended $9,027.13 in attorney fees and court costs. He claimed a deduction in that amount in his 1946 income tax return, but the Commissioner allowed only $1,295.91, on the ground that that sum was the proportionate part attributable to the interest received by Ross McKinstry on the estate tax refund.

On January 15, 1948, Ross W. McKinstry filed with the Collector of Internal Revenue a claim for refund of income tax paid for the year 1946, in the sum of $5,772.46, plus interest, asserting that he was entitled to deduct the full amount of attorney fees and expenses. The Commissioner denied the claim. Ross McKinstry died on August 11, 1948. This action was brought by plaintiff as executor and is now maintained by plaintiff as trustee under the last will and testament of Ross W. McKinstry.

■ Section 23(a) (2), Internal Revenue Code, authorizes the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." 26 U.S. C.A. § 23. The Supreme Court has held that this requirement that deductible expenses be "ordinary and necessary" implies that they must be reasonable in amount, and must bear a reasonable and proximate relation to the management of the property held for the production of income. Trust of Bingham v. Commissioner of Internal Revenue, 325 U.S. 365, 367, 370, 65 S.Ct. 1232, 89 L.Ed. 1670. There is no dispute in the case at bar that the expenses claimed as deductible were reasonable in amount.

The government relies on § 24(a) (1), Internal Revenue Code, which provides that "In computing net income no deduction shall in any case be allowed in respect of—(1) Personal, living, or family expenses, * * *." 26 U.S.C.A. § 24. The government says that the expenses for attorney fees and court costs incurred by Ross McKinstry were personal, and as a basis for such conclusion argues that under § 827(b), Internal Revenue Code, a transferee may be liable personally for any deficiency in an estate tax. Stated in another way, the government contends that if it had been successful in its claim that the trust property was transferred in contemplation of death or was intended to take effect in possession or enjoyment at or after Addis McKinstry's death, then if the tax were not paid, Ross McKinstry would have been personally liable to the extent of Addis McKinstry's interest therein at the time of the transfer.[2]

■ We do not agree with the government's contention. It is not the personal liability but rather the nature of the expense itself, and the proximate relation to the business or income producing property of the taxpayer which is the standard for determining whether an expense is deductible under § 23(a) (2) or non-deductible under § 24(a) (1), Internal Revenue Code. Here, the trust property which the Commissioner sought unsuccessfully to tax, as part of the estate of taxpayer's father, was held for the production of income, first by the father, then by the trustees, and finally by taxpayer as remainderman. The expense incurred in successfully contesting the government's claim was in proximate relation to the conservation of property held for the production of income.

2. "Sec. 827. Lien for Tax. * * * (b) *Upon Property of Transferee.*—If * * * the decedent makes a transfer, by trust or otherwise, of any property in contemplation of or intended to take effect in possession or enjoyment at or after his death * * * and if in either case the tax in respect thereto is not paid when due, then the transferee, trustee, or beneficiary shall be personally liable for such tax, and such property, to the extent of the decedent's interest therein at the time of such transfer * * * shall be subject to a like lien equal to the amount of such tax. * * *" 26 U.S. C.A. § 827.

We have not been cited any cases directly in point, nor have we been able to locate any. However, Trust of Bingham v. Commissioner of Internal Revenue, 325 U.S. 365, 65 S.Ct. 1232, and Selig v. Allen, D.C., 104 F.Supp. 390, affirmed Allen v. Selig, 5 Cir., 200 F.2d 487, do give broad support for the proposition that the expenses are deductible. In Bingham, counsel fees, incurred partly in contesting an income tax deficiency assessed against the trust and partly in winding up the trust, were held to be deductible under § 23(a) (2), Internal Revenue Code. The court said, 325 U.S. at page 376, 65 S.Ct. at page 1238: " * * * the trust, a taxable entity like a business, may deduct litigation expenses when they are directly connected with or proximately result from the enterprise—the management of property held for production of income." In Selig, it was held that a wife who had successfully excluded from her deceased husband's estate certain property purchased by him with their joint savings, title to which was in his name, was entitled to deduct the expense of such litigation as a proper deduction under § 23 (a) (2).

The government relies on Lykes v. United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791, and Cobb v. Commissioner of Internal Revenue, 6 Cir., 173 F.2d 711. However, those cases involve gifts of property by the taxpayer and were decided on the basis of a specific regulation: Treas.Reg. 111, § 29.23(a)—15. We think these cases have no application to the case at bar. A gift is an entirely contrary concept to the conservation of an estate. Here, the taxpayer was not a donor of a gift seeking a refund of a gift tax. On the contrary he was seeking to conserve his own property. He was attempting to prevent a diminution of the fund itself. He sued to prevent the laying waste of his own property by the assessment of wrongful estate taxes against it.

The judgment of the district court is affirmed.