BERTHA K. GOLDBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65118.    Filed October 31, 1958.

*Richard W. Case, Esq.*, for the petitioner.
*George J. Rabil, Esq.*, for the respondent.

260

OPINION.

BLACK, *Judge:* The only issue in this proceeding is whether petitioner, the widow of Harry Goldberg, deceased, and who was the income beneficiary of a testamentary trust created by decedent in his will, may deduct as a nontrade or nonbusiness expense pursuant to section 23 (a) (2), I. R. C. 1939,[1] $2,500 which she paid in 1953 as a retainer fee to an attorney for the purpose of suing for and recovery of an estate tax deficiency, the payment of which had (a) wiped out the entire testamentary trust corpus, and (b) made it necessary for the petitioner to pay the balance of the deficiency and interest from her individual funds.

---

[1] All section references are to the Internal Revenue Code of 1939, as amended.

In support of her contention petitioner relies upon section 23 (a) (2), printed in the margin.[2] Petitioner relies upon that portion of section 23 (a) (2) which reads: "or for the management, conservation or maintenance of property held for the production of income."

Respondent does not dispute that petitioner paid the $2,500 attorney's fee in question during the taxable year 1953, nor does he contend that petitioner ever recovered any of said attorney's fee. What he does contend is that the attorney's fee paid in the suit for recovery of the estate tax deficiency was properly the obligation of the estate itself; that petitioner was a mere volunteer in the payment of the $2,500 in question; and that section 23 (a) (2) cannot be used as affording her any right to the deduction.

As a prelude to our discussion of the question involved it is well to point out that there are two trusts which are part of the picture shown by the Findings of Fact. One of the trusts was the testamentary trust created by the will of decedent; petitioner was the sole income beneficiary of that trust. If that trust had had on hand sufficient funds to have paid the deficiency in estate tax determined by the Commissioner, it would have been the duty of the trustees to have used the funds to pay the deficiency and there would have been no occasion to call upon petitioner for help. This much we understand petitioner to concede. However, the testamentary trust had on hand only $23,107.66. This entire amount was used to pay on the deficiency and the balance required to pay in full the deficiency plus interest, $38,807.97, was furnished by petitioner. Petitioner furnished this $38,807.97 upon the advice of her brother, who was one of the executors of the estate.

The second trust which is in the fact picture of this case was an inter vivos trust which decedent had set up in his lifetime, making himself the income beneficiary for life with remainder to his wife, petitioner, upon his death. Respondent argues that the executors of decedent's will could have used the corpus of this trust, which was 50 shares of Gunther stock, to pay the deficiency and if they had done so, there would have been no need to call upon petitioner. In making this argument, respondent says in his brief:

By selling the 50 shares of Gunther stock included in the gross estate, they could have paid the estate taxes and the attorney's fees in connection with the litigation in the District Court. However, they chose to pay the proposed deficiencies and interest in full by means of funds advanced by the petitioner, *rather*

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

     *      *      *      *      *      *      *

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

*than employing admitted assets of the decedent's gross estate.* [Emphasis supplied.]

Undoubtedly, the 50 shares of Gunther stock were ample in value to have paid the entire deficiency, interest thereon, and attorney's fee incurred in the suit in the United States District Court to recover the amount which had been paid. But these 50 shares of Gunther stock were not, as respondent says in his brief, "admitted assets of the decedent's gross estate." It is true that they were includible in decedent's gross estate for the purpose of the estate tax because the decedent had reserved the income for life to himself and they were, therefore, property, the transfer of which was to take effect in possession at or after decedent's death. The executors of decedent made no contest that the value of these 50 shares of Gunther stock was includible in decedent's gross estate. In fact, they did include them. It is true that part of the deficiency in estate tax determined by the Commissioner was due to an increase which he made in the value of these shares of stock. But that has nothing to do with the question we have here to decide. These shares of Gunther stock were not property that the executors of decedent's estate could use in the payment of the deficiency in estate tax. They were not in the possession of the executors of the estate and were not being administered by them in the Maryland probate court. They were in the possession of the trustees of the inter vivos trust which decedent created by a trust indenture November 1, 1946, which was prior to his death, June 23, 1947. Decedent was trustee of this inter vivos trust prior to his death and upon his death, Zanvyl Krieger and Baltimore National Bank became successor trustees.

It is no doubt true that, as respondent argues in his brief, the Commissioner by a proper proceeding could have collected the remainder of the deficiency in estate tax out of this Gunther stock. We do not understand that petitioner makes any dispute but that this could have been done. In fact, it was because petitioner's brother, Zanvyl Krieger, who was one of the executors of the estate and an attorney at law, knew that petitioner was the income beneficiary of both the testamentary trust and the inter vivos trust and that the Commissioner could by an appropriate proceeding demand from her payment of the deficiency that he advised her to furnish the $38,807.97 required to pay the balance of the deficiency. It was also because petitioner's brother knew these things that he advised petitioner to pay the $2,500 retainer fee to the attorney to file claim for refund on behalf of the estate and in case such refund was refused, then to sue in the United States District Court for the recovery of the amount of the deficiency in estate tax paid, plus interest as provided by law.

It is because of the circumstances which we have detailed above that petitioner contends that she is entitled to deduct under section 23 (a)

(2) the retainer fee of $2,500 which she paid attorney Case in 1953. Petitioner relies upon *Northern Trust Co.* v. *Campbell*, 211 F. 2d 251 (C. A. 7, 1954). We think that case supports petitioner in her contention that she is entitled to the deduction of the $2,500 in issue under the provisions of section 23 (a) (2).

In the *Northern Trust Co.* case, *supra*, it appeared that after the estate of a decedent had been closed an estate tax deficiency was claimed from the taxpayer, as transferee. A deficiency assessment was made and was paid by the taxpayer. Thereafter, the taxpayer retained counsel who filed a claim for refund in the United States District Court for the Northern District of Illinois, Eastern Division. The taxpayer was successful in this proceeding and recovered the full amount of the previously paid estate tax deficiency plus interest. To prosecute the suit, the taxpayer paid in excess of $9,000 in attorneys' fees which he claimed as a deduction. The court held that the legal fees paid by the taxpayer in prosecuting the claim for refund of estate taxes previously paid were a deductible expense under section 23 (a) (2). In rejecting the Government's contention that the expenses were personal in nature and therefore not deductible, the court stated:

> We do not agree with the government's contention. It is not the personal liability but rather the nature of the expense itself, and the proximate relation to the business or income producing property of the taxpayer which is the standard for determining whether an expense is deductible under § 23 (a) (2) or nondeductible under § 24 (a) (1), Internal Revenue Code. Here, the trust property which the Commissioner sought unsuccessfully to tax, as part of the estate of taxpayer's father, was held for the production of income, first by the father, then by the trustees, and finally by taxpayer as remainderman. The expense incurred in successfully contesting the government's claim was in proximate relation to the conservation of property held for the production of income.

Respondent vigorously contends that the *Northern Trust Co.* case, *supra*, is not applicable here because no transferee liability had ever been determined against petitioner and that, as a matter of fact, the executors of the estate had ample property which they could have used in the payment of the estate tax deficiency, viz, the Gunther stock. We have already pointed out that the Gunther stock was not property in the hands of the executors of the estate; that while it was property which the Commissioner no doubt could have subjected to the payment of the deficiency, it was not property which the executors could have used for that purpose.

It is true, of course, that petitioner had not been subjected to a transferee assessment, as such, when she paid a portion of the Federal estate tax deficiency assessed against the estate of Harry Goldberg, deceased. But that, we think, is not controlling. The important point is that the petitioner's income-producing property—the entire corpus of the trust established under decedent's will and a substantial part of her individual estate—had been consumed by the action of the Internal

Revenue Service. Petitioner paid a reasonable fee to have the $38,807.97 which she supplied the executors of her husband's estate for the payment of the balance of the deficiency in estate tax refunded, if possible. This fact, we think, justifies the deduction. We do not think the petitioner had to wait until the Commissioner determined a transferee liability against her before taking action to conserve her income-producing funds.

The suit was successful and when the executors paid over to petitioner her part of the recovery, a certain portion of the attorneys' fees incurred in the litigation was allocated to petitioner and taken out of her portion of the recovery. She was allowed credit for the $2,500 which she had already paid in 1953. She was not reimbursed for this $2,500 attorney's fee which she had paid in 1953; she was simply allowed credit for it in the final settlement. What the tax consequences were when petitioner received payment in 1956 of her part of the recovery from the suit brought in 1953, we do not have before us for decision in this case and we express no opinion as to that. What we do decide is that petitioner is entitled to deduct under the provisions of section 23 (a) (2) the $2,500 retainer fee which she paid to attorney Case in 1953.

We think that *Herman F. Ruoff*, 30 T. C. 204, is not controlling here because we think it is distinguishable on its facts. In the *Ruoff* case, the taxpayers were the owners of property which had been seized by the Alien Property Custodian and which the taxpayers sought to recover by a civil suit. They did, in fact, recover, as a result of the litigation, a substantial amount of the property which had been seized by the Alien Property Custodian. They paid their attorneys $67,800.72 for their services in the conduct of the litigation. They deducted the amount so paid on their income tax return for 1953 and claimed such deduction as a nonbusiness expense under section 23 (a) (2). The respondent disallowed the deduction. The majority opinion of the Tax Court in the *Ruoff* case, *supra*, sustained the Commissioner and, in the concluding paragraph of our opinion, we stated:

We conclude that the present situation is no different from those in which it has repeatedly been held that expenses incurred in defense of title must be capitalized and are not deductible as current items. On this issue we view respondent's determination as correct.

In the instant case, the petitioner had not had any of her property seized by the Commissioner of Internal Revenue or anyone else. The Commissioner was asserting a deficiency in estate tax against her husband's estate and the estate did not have sufficient funds with which to pay the deficiency and petitioner, upon the advice of her brother, one of the executors of the estate, supplied funds with

which to pay the balance. Her reason for doing so was to avoid a potential assessment against her as a transferee of her husband's estate for so much of the deficiency as the executors of the estate were unable to pay out of funds which were in their possession. By the suit which was brought in the United States District Court and which has been described in our Findings of Fact, the executors of the estate recovered the money which had been paid, plus interest thereon, and petitioner was reimbursed for what she had advanced, plus interest. She was not reimbursed for the $2,500 retainer fee she had paid attorney Case in 1953.

Under circumstances related in our Findings of Fact, petitioner paid her attorney a retainer fee of $2,500 in 1953 to prosecute the refund suit and for reasons we have already stated, we think she is entitled to a deduction of this amount under section 23 (a) (2). *Northern Trust Co.* v. *Campbell, supra.* In the *Northern Trust Co.* case, the court held that attorneys' fees incurred by a taxpayer in successfully contesting the Government's claim for an estate tax deficiency was in proximate relation to the conservation of property held for the production of income. In so holding, the court, among other things, said:

 We have not been cited any cases directly in point, nor have we been able to locate any. However, Trust of Bingham v. Commissioner of Internal Revenue, 325 U. S. 365, * * * and Selig v. Allen, D. C. 104 F. Supp. 390, affirmed Allen v. Selig, 5 Cir., 200 F. 2d 487, do give broad support for the proposition that the expenses are deductible. * * *

We think our holding in the instant case that the $2,500 attorney's fee here in question is deductible under section 23 (a) (2) is not only supported by the court's decision in *Northern Trust Co.* v. *Campbell, supra,* but that it is also in harmony with the Supreme Court's decision in *Trust of Bingham* v. *Commissioner,* 325 U. S. 365.

We make this further statement that we do not think the facts in the instant case bring it within the ambit of those cases of our Court and other courts which have held that expenses incurred in defense of title must be capitalized and are not deductible as current items.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

HARRON, *J.,* dissents.

FISHER, *J.,* did not participate in the consideration of or decision in this report.