[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 193.]

CITY OF COLUMBUS, DIVISION OF INCOME TAX, APPELLANT, *v.* NEW PLAN
REALTY TRUST, APPELLEE.

[Cite as *Columbus Div. of Income Tax v. New Plan Realty Trust*,
2002-Ohio-479.]

*Taxation—Dividends paid by real estate investment trust to its shareholders are
not tax deductible as "ordinary and necessary expenses" under Columbus
City Code 361.09.*

(No. 00-1838—Submitted October 31, 2001—Decided February 6, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1350.

————————————

SYLLABUS OF THE COURT

Dividends paid by a real estate investment trust to its shareholders, while generally
deductible for purposes of federal taxation under Section 856 *et seq.*, Title
26, U.S.Code, are not tax deductible as "ordinary and necessary expenses"
under Columbus City Code 361.09.

————————————

ALICE ROBIE RESNICK, J.

{¶ 1} The relevant facts in this case are undisputed. Defendant-appellee,
New Plan Realty Trust ("New Plan"), is engaged in the business of owning,
operating, and managing real estate investments throughout the United States. For
the tax year August 1, 1996 through July 31, 1997, New Plan elected and qualified
to receive special federal income tax treatment as a real estate investment trust
("REIT") under the Internal Revenue Code. To qualify as a REIT in 1996, New
Plan had to distribute at least ninety-five percent of its taxable income to its
shareholders as dividends. Former Section 857(a)(1)(A), Title 26, U.S.Code. It

was then allowed to deduct the paid dividends from its taxable income for purposes of calculating its federal tax liability. Section 857(b)(2)(B), Title 26, U.S.Code.

{¶ 2} In 1996, New Plan owned rental property in the city of Columbus. When New Plan filed its 1996 corporate tax return (form BR-25) with plaintiff-appellant, City of Columbus, Division of Income Tax, it reported its taxable income and thus its net tax liability as "-0-." In so doing, New Plan adjusted its taxable income by subtracting the amount of dividends paid to its shareholders, as it did in its 1996 federal form 1120-REIT return.

{¶ 3} In a notice dated March 27, 1998, appellant informed New Plan that upon audit it was determined that New Plan owed $5,376.16 plus penalties and interest on its 1996 BR-25. In particular, the notice explained that "[f]or city tax purposes, Dividends Paid are not deductible."

{¶ 4} On May 18, 1998, New Plan wrote a letter to appellant requesting that the notice be canceled on the basis that New Plan's "deduction for dividends paid to its shareholders is an ordinary and necessary expense of its business in accordance with its federal income tax classification and accounting system as [a REIT]."

{¶ 5} In a letter dated July 9, 1998, appellant responded as follows:

"At issue is the deduction for dividends paid by a REIT to its shareholders. The City of Columbus taxes all entities (trusts, S corps and C corps) on their net profits prior to distribution to shareholders. Although you are required to dividend 95% of the income under Internal Revenue Codes that has no impact on the City taxation. Under the IRS code the shareholders would be required to report their dividends on their individual tax returns whereas the City does not require dividend income to be reported individually. In addition, we do not consider the dividends to be an expense of the REIT but rather a distribution of income to shareholders."

{¶ 6} On June 17, 1999, appellant instituted the present action in the Franklin County Municipal Court to recover the assessed 1996 tax plus interest and

penalties. Both parties filed motions for summary judgment, and the trial court granted summary judgment in favor of appellant.

{¶ 7} The court of appeals reversed the judgment of the trial court and held that a REIT is entitled to deduct the dividends it pays to its shareholders in calculating taxable income under the Columbus income tax ordinance. The court of appeals reasoned:

"The Columbus City Code directs the taxpayer to calculate its taxable income in the manner used to calculate net profits under the 'accounting system used * * * for federal income tax purposes.' The Columbus City Code is silent as to the definition of this phrase. The term 'accounting system,' however, is broad enough to encompass more than the cash or accrual *method* of accounting, as appellee argues. Resolving ambiguities in the taxpayer's favor, this court concludes that, under the language of Columbus City Code 361.09, appellant is entitled to deduct from net profits the dividends it distributed to its shareholders because appellant is allowed to deduct paid dividends for federal taxation purposes." (Emphasis *sic*.)

{¶ 8} The cause is now before this court pursuant to the allowance of a discretionary appeal.

{¶ 9} The question for review is whether REITs are entitled to a deduction for paid dividends under the income tax provisions of the Columbus City Code.

{¶ 10} Columbus City Code 361.16 defines "taxable income" as including "the *net profits* from the operation of a business, profession or other enterprise or activity." (Emphasis added.) Columbus City Code 361.19(d) imposes a tax at the rate of two percent per annum "on the *net profits* of all corporations, estates, and trusts." (Emphasis added.)

{¶ 11} Columbus City Code 361.09 provides:

" 'Net Profits' means the *net gain* from the operation of a business, profession, or enterprise or other activity * * * *after provision for all ordinary and*

*necessary expenses* either paid or accrued in accordance with the accounting system used by the taxpayer for federal income tax purposes." (Emphasis added.)

{¶ 12} It is crystal clear that the only reduction in taxable income allowed to the corporate taxpayer under Columbus City Code 361.09 is for "ordinary and necessary expenses." The quoted language that follows this phrase cannot under any reasonable syntactical construction modify the phrase "net gain." Unless the Columbus ordinance is rewritten, taxable net profit for purposes of city taxation is whatever gain remains after subtracting ordinary and necessary expenses.

{¶ 13} However, New Plan somehow managed to convince the court of appeals to rewrite Section 361.09 to omit the phrase "ordinary and necessary expenses." To comport with the court of appeals' view, Columbus City Code 361.09 would have to be changed so as to define "net profits" as either (1) "undistributed gain," (2) "net gain * * * after provision for all *deductions* allowed for federal income tax purposes," or, as explained above, (3) "net gain * * * in accordance with the accounting system used by the taxpayer for federal income tax purposes," after deleting the phrase "ordinary and necessary expenses either paid or accrued." Otherwise, as it stands, "net profits" under Columbus City Code 361.09 is simply gain minus *ordinary and necessary expenses.*

{¶ 14} Paid dividends are not ordinary and necessary expenses. An ordinary and necessary expense, whether claimed by an individual under Section 212 or by a business pursuant to Section 162, Title 26, U.S.Code, is a cost incurred in the production or maintenance of income. See *Natl. Can Corp. v. United States* (N.D.Ill.1981), 520 F.Supp. 567, 579, affirmed (C.A.7, 1982), 687 F.2d 1107; *Fischer v. United States* (E.D.Wis.1971), 336 F.Supp. 428, 431-432, affirmed (C.A.7, 1973), 490 F.2d 218, 222; *Estate of Walling v. Commr. of Internal Revenue* (C.A.3, 1967), 373 F.2d 190, 193; *N. Trust Co. v. Campbell* (C.A.7, 1954), 211 F.2d 251, 253.

**{¶ 15}** A paid dividend is not a cost incurred in the production or maintenance of income. Quite the contrary, a dividend is a *distribution* of earnings and profit made by a corporation to its shareholders. See Section 316(a), Title 26, U.S.Code. In fact, this is precisely why claimed deductions for business expenses are denied where the expense is actually a disguised dividend. See *O.S.C. & Assoc., Inc. v. Commr. of Internal Revenue* (C.A.9, 1999), 187 F.3d 1116; *Petro-Chem Mkg. Co., Inc. v. United States* (1979), 221 Ct.Cl. 211, 602 F.2d 959; *Nor-Cal Adjusters v. Commr. of Internal Revenue* (C.A.9, 1974), 503 F.2d 359, 362; *Griffin & Co. v. United States* (1968), 182 Ct.Cl. 436, 389 F.2d 802, 810; *Northlich, Stolley, Inc. v. United States* (1966), 177 Ct.Cl. 435, 368 F.2d 272, 278.

**{¶ 16}** Indeed, if paid dividends were considered ordinary and necessary expenses, there would have been no need for the enactment of the federal REIT provisions in the first place, since Section 162, Title 26, U.S.Code already provided for the deductibility of ordinary and necessary business expenses. The REIT provisions are necessary to effectuate the deductibility of dividends by qualifying entities precisely because paid dividends are not otherwise tax deductible by the corporation as an ordinary and necessary expense.

**{¶ 17}** Therefore, we hold that dividends paid by a real estate investment trust to its shareholders, while generally deductible for purposes of federal taxation under Section 856 *et seq.*, Title 26, U.S.Code, are not tax deductible as "ordinary and necessary expenses" under Columbus City Code 361.09.

**{¶ 18}** Accordingly, the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY and PFEIFER, JJ., dissent and would affirm the judgment of the court of appeals.

_____

*Janet E. Jackson,* City Attorney*, Stephen Porte* and *Jeffrey D. Porter,* Assistant City Attorneys, for appellant.

*Chernesky, Heyman & Kress, P.L.L., Thomas P. Whelley II, Mark S. Feuer* and *Danyelle S.T. Coleman*, for appellee.

*Barry M. Byron, Stephen L. Byron* and *John Gotherman*, urging reversal for *amicus curiae* Ohio Municipal League.

————————————