DECISION.
{¶ 1} Appellant, the tax commissioner for Cincinnati, Ohio ("the city"), appeals a decision of the Hamilton County Common Pleas Court that reversed a decision of the Cincinnati Income Tax Board of Review. The board had held that appellee, New Plan Realty Trust, had underpaid its income tax to the city for the tax years 1995 through 1998 because it had improperly deducted dividends paid to its shareholders from its taxable income.
{¶ 2} New Plan is a Massachusetts business trust that owns and manages real estate investments throughout the United States, including Cincinnati. Under federal income tax statutes, New Plan qualifies as a real estate investment trust ("REIT") and may deduct from its income dividends paid to its shareholders. Section 856 et seq., Title 26, U.S. Code.
{¶ 3} On its tax returns to the city for the years in question, New Plan deducted the amount of dividends paid to its shareholders from its income and reported a net loss. The city determined that New Plan's city taxable income should have been based on its federal taxable income before any deduction could be made for dividends paid out to shareholders. It based this determination on the provision of the Cincinnati Municipal Code that places a tax on the net profits from the operation of a business. Cincinnati Municipal Code 311-5(c). Cincinnati Municipal Code 311-3-N defines "net profits" as "the net gain from all operations * * * of a business, profession, enterprise or other activity after provision for all ordinary, reasonable and necessary expenses, either paid or accrued in accordance with the accounting system used by the taxpayer for federal income tax purposes * * * ." The city concluded that the dividends paid to shareholders were not ordinary, reasonable and necessary expenses. Consequently it assessed taxes, interest and penalties for the tax years in question based on its calculation of New Plan's income.
{¶ 4} The board of review affirmed the city's determination. New Plan appealed the board's decision to the court of common pleas. The court of common pleas reversed the board's decision. It relied upon Section R5F(1) of the City Income Tax Rules and Regulations, which states,
 NET PROFITS as used in Chapter 311 and these regulations means net profits derived from any business, profession or other activity or undertaking carried on for profit or normally carried on for profit. Net profits as disclosed on any return filed pursuant to the provisions of Chapter 311 shall be computed by the same accounting method used in reporting net income to the federal Internal Revenue Service (before any net operating loss deduction or other special deduction, and providing such method does not conflict with any provision of Chapter 311). Net profits shown on returns filed pursuant to Chapter 311 must be reconciled with the income reported to the federal Internal Revenue Service.
 {¶ 5} The court noted that "[t]here is no indication in Section 311 that the City intended to penalize REITs or to discourage them from operating within the City[,]" and that, in doubtful cases, tax statutes should be considered in the taxpayer's favor. It went on to reason,
 The Code and Regulations direct a taxpayer to calculate its City taxable income in the manner used to calculate net profits under the accounting system used for federal income tax purposes, before any special deduction. The term "accounting system" is broad enough to encompass more than a cash or accrual method of accounting. The Code and Regulations direct that net profits be calculated as for federal purposes after the deduction of dividends paid.
 {¶ 6} On appeal to this court, the city asserts in its sole assignment of error that the trial court erred in reversing the tax assessment against New Plan. It contends that New Plan's city taxable income is not the same as its taxable income for federal income tax purposes. Specifically, it argues that the "accounting system" language relied upon by the trial court is not determinative and that the dividends New Plan sought to deduct are not only a "special deduction" within the language of the Regulation R5F(1), but also a distribution of income, not an ordinary and necessary business expense.
{¶ 7} We would be inclined to agree with the trial court's decision, except that the Ohio Supreme Court has recently decided Columbus, Div. Of Income Tax v. New Plan Realty Trust, 94 Ohio St.3d 193,2002-Ohio-479, 761 N.E.2d 609. In that case, the Columbus City Code imposed a tax on the "net profits from the operation of a business, profession or other enterprise or activity." Id. at 195, 761 N.E.2d 6509. It defined "net profits" as "net gain from the operation of a business, profession, or enterprise or other activity * * * after provision for all ordinary and necessary expenses either paid or accrued in accordance with the accounting system used by the taxpayer for federal income tax purposes." Id.
{¶ 8} The city of Columbus assessed taxes against New Plan on the basis that New Plan's deduction of dividends was erroneous because dividends were not ordinary and necessary expenses. The court of appeals reversed all previous decisions in favor of the city, concluding that New Plan was entitled to deduct the dividends in determining its city taxable income. In so holding, the court of appeals used identical language discussing the term "accounting system" that the trial court used in this case. Id. at 194-195, 761 N.E.2d 609.
{¶ 9} The supreme court reversed the appellate court's decision. It held in the syllabus that "[d]ividends paid by a real estate investment trust to its shareholders, while generally deductive for purposes of federal taxation under Section 856 et seq., Title 25, U.S. Code, are not tax deductible as `ordinary and necessary expenses'" under the Columbus City Code. In the decision, it reasoned,
 Paid dividends are not ordinary and necessary expenses. An ordinary and necessary expense, whether claimed by an individual * * * or a business * * * is a cost incurred in the production or maintenance of income. * * *
A paid dividend is not a cost incurred in the production or maintenance of income. Quite the contrary, a dividend is a distribution of earnings and profit made by a corporation to its shareholders. * * * In fact, this is precisely why claimed deductions for business expenses are denied where the expense is actually a disguised dividend. * * *
Indeed, if paid dividends were considered ordinary and necessary expenses, there would have been no need for the enactment of the federal REIT provisions in the first place, since Section 162, Title 26, U.S. Code already provided for the deductibility of ordinary and necessary business expenses. The REIT provisions are necessary to effectuate the deductibility of dividends by qualifying entities precisely because paid dividends are not otherwise tax deductible by the corporation as an ordinary and necessary expense. [Citations omitted.] [Emphasis in original.]
Id. at 195-196, 761 N.E.2d 609.
{¶ 10} New Plan argues that the holding of the case is narrow and that it is distinguishable from the present case. We disagree. The supreme court's language is broad; it rejected the same reasoning that the trial court used in this case, and the Cincinnati Municipal Code provisions are nearly identical to the Columbus City Code provisions interpreted by the supreme court.
{¶ 11} We find Columbus v. New Plan to be dispositive of the present case. We hold, in view of the undisputed facts, that the trial court's judgment was contrary to law. Dudukovich v. Lorain Metro. Housing Auth. (1979), 58 Ohio St.2d 202, 207-208, 389 N.E.2d 1113; Cincinnati Bengals, Inc. v. Papania (1993), 92 Ohio App.3d 785, 787, 637 N.E.2d 330. Accordingly, we sustain the city's assignment of error, reverse the trial court's judgment, and remand the matter to the trial court to reinstate the board of review's decision.
Painter, P.J., Doan and Sundermann, JJ.