STELLA ELKINS TYLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4140. Promulgated January 29, 1946.

*Sanford D. Beecher, Esq.,* for the petitioner.
*W. J. McFarland, Esq.,* for the respondent.

#### OPINION.

ARUNDELL, *Judge*: The Commissioner determined a deficiency of $522.49 in petitioner's 1940 income tax liability. The taxpayer does not challenge the correctness of the three adjustments through which the deficiency arose, but claims an overpayment by reason of a deduction in the amount of $50,000 not claimed on her return.

The facts have been entirely stipulated by the parties. In so far as material to the issue, they are set out below. The income tax return was filed in Philadelphia, Pennsylvania.

Petitioner is a granddaughter of William L. Elkins, who died in 1903, and she was one of the income beneficiaries of a testamentary trust created by him. In an audit proceeding conflicting claims were made with respect to the relative rights of the life beneficiaries to the income of the trust. Petitioner claimed that under the terms of the trust she was entitled to one-sixth of the income, while others asserted that she was limited to one-eighth. Whereupon, petitioner instituted a proceeding for the purpose of obtaining a construction of the will. She retained attorneys in the litigation, who represented her through

the final decision by the Supreme Court of Pennsylvania. Her contention was sustained and in 1940 she paid the attorneys a fee of $50,000, for which she took no deduction on her 1940 income tax return.

The petitioner contends that the expenditure is deductible in the year of payment under section 23 (a) (2) of the Internal Revenue Code.[1] That statute was added by section 121 (a) of the Revenue Act of 1942, and was made retroactively applicable to the taxable year by section 121 (d) of the same act. The respondent takes the position that the expenditure is a personal one for which the law provides no deduction.

We think the petitioner should prevail. There is no question but that the expense was ordinary in character and reasonable in amount. The question is whether it was an expense for the "collection" of income within the meaning of the statute. It was directly connected with income currently distributable to petitioner under the terms of the trust, and without such outlay it appears that she would have collected one-eighth of the trust income rather than the one-sixth interest to which she was entitled. She brought the suit for the purpose of having the will construed to determine the extent of her interest thereunder, and the expense to which she was put gave rise not to a new interest, but only to the payment of that portion settled upon her by the trustor. It was an expense directly connected with the collection of income that was hers by bequest and was not a cost of creating or acquiring property, or an interest therein itself. As pointed out by the Second Circuit in *Commissioner* v. *Field*, 42 Fed. (2d) 820:

> * * * All that happened was that Field and the trustees got into a dispute about the meaning of the will; and Field succeeded in getting the court to take his view. We cannot for that reason say that the court's action changed what had all along been his rights; it did not create them; he had them already. We do not of course forget that a disputed right is not for practical purposes an available right at all; or that in fact Field was helpless until the decree passed. Nevertheless, we cannot take the judgments of a court as creating property without confusing their function, and substituting juristic metaphysics for those conventions on which in the end most of the law stands.

We have considered, under the amendment, expenses comparable to the one here claimed and have held that they were deductible from gross income within the meaning of the statute. In *Pierce Estates, Inc.*, 3 T. C. 875, the taxpayer paid attorney fees and other costs for the purpose of having the word "minerals" in an oil and gas lease

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

* * * * * * *

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income,

construed. The interpretation determined whether the taxpayer would or would not receive income under the lease. We held that the expenses were deductible under section 23 (a) (1) (A) as business expenses, or, if the taxpayer was not engaged in a business, under section 23 (a) (2). See also *Spear* v. *Gagne*, 49 Fed. Supp. 263, and *Walter S. Heller*, 2 T. C. 371; affd., 147 Fed. (2d) 376, certiorari denied, May 28, 1945. In the recent decision by the Supreme Court in *Trust of Bingham* v. *Commissioner*, 325 U. S. 365, it was pointed out that an expense is properly deductible if it be an ordinary and necessary one paid or incurred during the taxable year and proximately related to the production or collection of income or the management, conservation, or maintenance of property held for the production of income.

In the circumstances, we conclude that the expenditure in question is properly deductible as an expense within the meaning of section 23 (a) (2). Under the statute, if an expenditure otherwise comes within its scope as a deductible expense, the amount thereof is deductible in the year in which it is paid or accrued. As pointed out in the Regulations,[2] the term "income" for the purposes of section 23 (a) (2) comprehends not merely income for the taxable year, but also income which has been realized in a prior taxable year or may be realized in subsequent taxable years. Hence, the expense in question is an allowable deduction from gross income in the taxable year.

We agree with the respondent that the alternative contention of petitioner, that the expenditure here is deductible ratably over the remaining life of the property as a capital outlay which became petitioner's cost of a wasting asset, is entirely untenable. Nor can it be said that the outlay was a capital expenditure which will become a part of the cost upon a sale or exchange. *Commissioner* v. *Field*, *supra*. Moreover, petitioner's life interest in the income of the trust would probably not be classed as a capital asset. Cf. *Beulah Eaton McAllister*, 5 T. C. 714. There the taxpayer received a payment in return for the surrender of her life interest in the income of a trust and we held that the payment was taxable as ordinary income.

The petitioner raised another issue with respect to certain dividends on shares of stock held by her. However, her position is dependent upon the outcome of another proceeding pending in this court which has not been disposed of. Petitioner introduced no evidence, hence, no decision on that issue can be made in her favor.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

ARNOLD *J.*, concurs only in the result.

---

[2] Treasury Regulations 111, sec. 29.23 (a)–15.