James W. Hofstead and Ellen B. Hofstead v. Commissioner.
Hofstead v. Commissioner
Docket No. 88877.
United States Tax Court
T.C. Memo 1962-238; 1962 Tax Ct. Memo LEXIS 69; 21 T.C.M. (CCH) 1269; T.C.M. (RIA) 62238; October 9, 1962
*69 Attorney fees paid by the petitioner for the purpose of obtaining title to property by contesting the will of her mother and by attempting to set aside an inter vivos trust created by her mother held not deductible under section 212(2) of the Internal Revenue Code of 1954 as expenses paid or incurred for the management, conservation or maintenance of property held for the production of income. K. Harlan Dodson, Jr., Esq., for the Petitioners. Robert L. Ackerson, Esq., for the Respondent. ATKINS
Memorandum Opinion ATKINS, Judge: The respondent determined deficiencies in income tax for the calendar years 1956 and 1957 in the respective amounts of $9,519.13 and $10,570.53. The sole issue for decision is whether attorney fees paid by petitioner Ellen B. Hofstead in 1956 and 1957 in the respective amounts of $16,540.35 and $19,204.41 are deductible in those years under section 212(2) of the Internal Revenue Code of 1954 as ordinary and necessary expenses paid for the management, conservation, or maintenance of property held for the production of income. The facts have been stipulated and are so found. They are set forth herein to the extent necessary to an understanding of the case. The petitioners are husband and wife residing in Nashville, Tennessee. They filed joint income *71 tax returns for the calendar years 1956 and 1957 with the district director of internal revenue at Nashville, Tennessee. Since James W. Hofstead is a party to this proceeding only because he and his wife filed joint income tax returns for the years 1956 and 1957, Ellen B. Hofstead will hereinafter be referred to as the petitioner. The petitioner was the legally adopted daughter of L. A. Bowers and Eda Bowers. Eda Bowers executed a last will and testament dated January 18, 1936, under which she left a substantial portion of her estate to the petitioner. In November of 1936 L. A. Bowers died. Eda Bowers executed another last will and testament dated April 5, 1938, revoking all previous wills. This last will and testament appointed John V. Beekman, Eda Bowers' brother, as executor, and Charles F. Lovell and Commerce Union Bank as successor executors. It provided that Eda Bowers' personal effects and residence go to the petitioner, that one-third of her residuary estate go to John V. Beekman, and that the remaining two-thirds of her residuary estate be placed in trust. The petitioner was to receive one-half of the income earned by the trust during her life with remainder to go to various *72 charities. Eda Bowers created an inter vivos trust of substantially all her property (but not including her personal effects and residence) by an instrument dated March 3, 1942, under the terms of which she was to receive the trust income for life. John V. Beekman was named trustee with the Commerce Union Bank as successor trustee. The trust instrument provided that upon the death of Eda Bowers, unless changed by her last will and testament, one-third of the trust corpus was to be paid to John V. Beekman and the remaining two-thirds of the corpus was to remain in trust. One-half of the income from the corpus remaining in trust was to be paid to the petitioner during her life with remainder to go to various charities. Eda Bowers died in May of 1953. Her last will and testament dated April 5, 1938, with a codicil dated May 26, 1947, which made certain changes to her will not here material, was offered and accepted for probate by the County Court, Davidson County, Tennessee, on May 26, 1953. This last will and testament did not change the distribution provisions of the trust agreement dated March 3, 1942. At the time of Eda Bowers' death, the petitioner was her sole heir and next *73 of kin under applicable Tennessee law. John Beekman died on October 21, 1953, and Charles F. Lovell and the Commerce Union Bank were appointed as successor executors under the will and the Commerce Union Bank became successor trustee under the trust agreement. On May 19, 1954, the petitioner filed a complaint in Chancery Court, Davidson County, Tennessee, styled Ellen Bowers Hofstead v. Commerce Union Bank, Trustee, et al., Docket No. 74711, asking that court to declare the trust of Eda Bowers dated March 3, 1942, null and void. Among other things, the petitioner prayed that the trustee be divested of the title conveyed by the trust instrument and that such title be vested in the petitioner as the sole heir and next of kin of Eda Bowers, and that the various other defendants be enjoined from setting up any claim to or under the trust instrument. This action was contested and the Commerce Union Bank, as trustee, filed an answer denying all the material allegations of the complaint. Also on or about May 19, 1954, the petitioner filed a petition in the County Court of Davidson County, Tennessee, contesting the validity of the last will and testament of Eda Bowers probated on May 26, 1953. [1] *74 This action was transferred to the Circuit Court of Davidson County, Tennessee, pursuant to applicable Tennessee procedure, and was styled Charles F. Lovell, et al., Co-Executors v. Ellen Bowers Hofstead, Docket No. 47916. The Commerce Union Bank and Charles Lovell as co-executors contested this action and filed answers denying all the material allegations of the complaint. Subsequent to May 19, 1954, the petitioner discovered the last will and testament of Eda Bowers dated January 18, 1936, but this will was never offered for probate by the petitioner or any other parties. The Commerce Union Bank, as both co-executor of Eda Bowers' estate and trustee under the trust of March 3, 1942, was at no time enjoined from distributing the income earned by either the estate or the trust. The parties agreed upon a compromise settlement *75 of both controversies which was effectuated by a final decree of the Chancery Court dated December 14, 1956. Pursuant to the compromise settlement, the Commerce Union Bank, as trustee, was ordered to pay to the petitioner $250,000 out of the corpus of the trust, together with one-third of the net income from the estate and trust accruing from and after September 30, 1955. [2] The corpus of the trust contained approximately $75,000 in municipal bonds, the income from which is not taxable under the Internal Revenue Code of 1954, of which amount approximately $40,000 was received by the petitioner as a part of the compromise settlement. The petitioner paid the attorneys who represented her in the two above-described legal actions the sums of $16,540.35 and $19,204.41 for their services during the years 1956 and 1957, respectively. The petitioners deducted these amounts in their joint income *76 tax returns for the years 1956 and 1957 as expenses in connection with the management, conservation, and maintenance of income-producing properties. The claimed deductions were disallowed by the respondent in the notice of deficiency. Section 212(2) of the Internal Revenue Code of 1954 is set forth in the margin.[3] The origin of these provisions was section 121(a) of the Revenue Act of 1942 which amended the Internal Revenue Code of 1939 to extend the deductions previously allowed only with respect to carrying on a trade or business to certain nonbusiness situations not theretofore covered by the revenue laws. In enacting these provisions, Congress made it clear that the deduction for nonbusiness expenses "is subject, except for the requirement of being incurred in connection with a trade or business, to all the restrictions and limitations that apply in the case of the deduction * * * of an expense paid or incurred in carrying on any trade or business." H. Rept. No. 2333, 77th Cong., 2d Sess., p. 75; S. Rept. No. 1631, 77th Cong., 2d Sess., p. 88. One of the restrictions or limitations upon the deductibility of both trade or business expenses and nonbusiness *77 expenses is that expenditures which are capital in nature are not deductible. Bowers v. Lumpkin, ( C.A. 4) 140 F. 2d 927, certiorari denied 322 U.S. 755; and Robert L. Wilson, 37 T.C. 230, on appeal (C.A. 5). As this Court stated in the Wilson case: A capital expenditure is not regarded as a charge against current income and is not deductible as an "ordinary and necessary expense," whether it is made in the course of business or whether it is made in relation to the nonbusiness situations specified in section 23(a)(2) of the 1939 Code and section 212 of the 1954 Code. Bowers v. Lumpkin, supra at 928-929; Louisiana Land & Exploration Co., 7 T.C. 507, 515, affirmed 161 F. 2d 842 (C.A. 5); Safety Tube Corporation, 8 T.C. 757, 762-764, affirmed 168 F. 2d 787 (C.A. 6). The mere fact that the new provisions refer to expenses for the "management, conservation, or maintenance of property held for the production of income" does not dispense with the limitation that the deduction is not allowable in the case of capital expenditures. Those new provisions merely define the area in which nonbusiness expenses *78 may be deducted provided that they otherwise satisfy the conditions for deductibility, one of those conditions being that the expenditure must not be capital in nature. It is also well established that amounts paid or incurred to perfect or acquire title to property are capital expenditures which constitute a part of the cost or basis of the property. Garrett v. Crenshaw, ( C.A. 4) 196 F. 2d 185; Daniel S. W. Kelly, 23 T.C. 682, affirmed (C.A. 7) 228 F. 2d 512; Hobart J. Hendrick, 35 T.C. 1223. The respondent contends that the legal expenses involved herein were incurred and paid by the petitioner in protecting or asserting her rights to property of a decedent as heir or legatee and that therefore they are of a capital nature and hence nondeductible under section 212 and the Income Tax Regulations thereunder. *79 [4]
The petitioner contends that under Tennessee law, she, as sole heir at law of Eda Bowers, was entitled to the entire estate of Eda Bowers in the absence of any will or inter vivos trust, and that the only way she could conserve her right to such estate was to have the 1938 will and the 1942 inter vivos trust set aside. She argues that since the property was income-producing property, the expenses in question were for the conservation of property held for the production of income within the *80 meaning of section 212(2); and that the portion of section 1.212-1(k) of the regulations which denies a deduction for expenses paid in protecting or asserting one's right to property of a decedent as heir or legatee is contrary to the intent of the statute. Prior to Eda Bowers' death the petitioner, of course, did not have title to the property which she alleges she was attempting to conserve. Upon Eda Bowers' death, the inter vivos trust and the probated will gave the petitioner only the right to one-third of the income from the trust corpus for life; they did not give her title or ownership of the property in question. She could obtain title or ownership only by having the trust instrument and probated will declared invalid. It was for this purpose that the petitioner instituted the legal actions and incurred the legal expenses now sought to be deducted. Clearly the petitioner was not merely attempting to conserve property to which she already had title. She was attempting to obtain the right and title to property of a decedent either as an heir or a legatee. Accordingly, the expenses in question were costs of obtaining title or ownership of property. Being capital expenditures *81 they are not deductible. This case is governed by the principles of Hobart J. Hendrick, supra, and Robert L. Wilson, supra.The petitioner was not litigating merely with respect to the amount of income due her under a trust, as was the case in Stella Elkins Tyler, 6 T.C. 135, relied on by the petitioner. Nor is Willy Zietz, 34 T.C. 369, cited by the petitioner, in point here. There the legal actions defended did not raise issues as to title to property. As applied to the facts of this case, we see no inconsistency between section 1.212-1(k) of the regulations and the statutory provisions. See Marion A. Burt Beck, 15 T.C. 642, affirmed per curiam (C.A. 2) 194 F. 2d 537, certiorari denied 344 U.S. 821. Bingham's Trust v. Commissioner, 325 U.S. 365, cited by the petitioner, involved an entirely different situation and has no application here. We hold that the legal fees paid by the petitioner in 1956 and 1957 are not deductible under section 212(2) as expenses paid or incurred for the management, conservation, or maintenance of property held for the production of income. In view *82 of this holding, we need not consider an alternative contention advanced by the respondent that in any event the petitioner would not be entitled to deduct the portion of the legal expenses attributable to the recovery of tax-free municipal bonds. Decision will be entered for the respondent. Footnotes
1. The grounds upon which the petitioner contested the will were that at the time that Eda Bowers executed it she was of unsound mind and lacked the mental capacity to make a will and that she executed the will by reason of fraud and undue influence by John V. Beekman. These grounds were also the partial basis of the petitioner's attack against the trust.↩
2. Pursuant to the settlement agreement the suit attacking the will proceeded to a conclusion and the validity of the 1938 will was upheld. Of course, because of the settlement agreement, Eda Bowers' estate was not distributed in accordance with the will. The trust continued in existence.↩
3. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - * * *
(2) for the management, conservation, or maintenance of property held for the production of income; or↩
4. Sec. 1.212-1 of the regulations provides in pertinent part as follows: (k) Expenses paid or incurred in defending or perfecting title to property, in recovering property (other than investment property and amounts of income which, if and when recovered, must be included in gross income), or in developing or improving property, constitute a part of the cost of the property and are not deductible expenses. * * * Expenses paid or incurred in protecting or asserting one's right to property of a decedent as heir or legatee, or as beneficiary under a testamentary trust, are not deductible. * * *
(n) Capital expenditures are not allowable as nontrade or nonbusiness expenses. * * *↩