FRANK W. SARNOW, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sarnow v. Commissioner
Docket No. 9456-75.
United States Tax Court
T.C. Memo 1979-452; 1979 Tax Ct. Memo LEXIS 76; 39 T.C.M. (CCH) 472; T.C.M. (RIA) 79452; November 13, 1979, Filed *78 Bernard A. Kansky, for the petitioner. David N. Brodsky, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1971 in the amount of $3,395.48. Due to a concession by respondent, two issues remain for our decision: 1. Whether petitioner must include in his income for 1971 an item of $842 representing part of the interest earned by five savings accounts during 1971; and 2. Whether petitioner is entitled to deduct amounts paid by him in 1971 for legal fees in connection with an equity actio against his wife which was instituted by him to resolve conflicts about the ownership of and rights to certain property. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated by this reference. Petitioner Frank W. Sarnow, Jr., filed his Federal income tax return for 1971 which the Internal Revenue Service Center, Andover, Massachusetts, and computed his tax using the cash receipts and disbursements method of accounting. Petitioner resided in Blemont, Massachusetts *79 when he filed his petition in this proceeding. Petitioner and his wife of 22 years separated in February 1963. Petitioner filed a libel for divorce from his wife in June 1963 in the Middlesex County Probate Court, which action was dismissed in June 1964 after a hearing. The dismissal was appealed and ultimately was affirmed in February 1966 by the Supreme Judicial Court of Massachusetts. Meanwhile, in November 1964, petitioner's wife filed a petitioner for separate support in the Middlesex County Probate Court. In December 1964, the court ordered that petitioner's wife have care and custody of the two minor children of the parties and that petitioner pay his wife $65 per week for the support and that of the two minor children. Both prior to and during the course of the litigation described above, petitioner and his wife were not in agreement as to their respective rights in certain property which they had acquired during their marriage. Neither petitioner's divorce action nor his wife's support action determined the rights of the parties to control such property, neither action determined the ownership of such property, and neither action effected a distribution of such *80 property. In 1968 petitioner commenced a civil action against his wife and two children in the Middlesex County Superior Court. The action was characterized as a "Bill in Equity to Determine Rights and Ownership in Property." The final result of that action was a Finl Decree after Rescript from the Supreme Judicial Court of Massachusetts which was entered July 15, 1971. Such final decree ordered, adjudged and decreed that petitioner had a one-half interest in the following assets: ITEM
FAIR MARKET VALUE
1. Series E Bonds
$2,594.86
2. Funds on Deposit in Arlington
Five Cents Savings Bank (N90250)
4,848.58
3. Funds on Deposit in Warren
Institution for Savings
4,349.25
4. Funds on Deposit in Springfield
Institutino for savings
6,449.98
5. Funds on Deposit in Arlington
Cooperative Bank
1,325.59
6. Funds on Deposit in Arlington
Five Cents Savings Bank (N86525)
9,576.33
With respect to the foregoing assets, petitioner was ordered to relinquish control of any of such assets which were in his possession; petitioner's wife was ordered to pay petitioner an amount equal to one-half the fair market value of those assets. It also was decreed that *81 petitioner had a one-half interest in 64 shares of common stock in the New England Electrical System, and his wife was ordered to deliver 32 shares of that stock to petitioner. It also was decreed that petitioner was entitled to full, complete, and exclusive possession of property at 14 Addison Street, Arlington, Massachusetts. Such property was held by petitioner and his wife as tenants by the entirety and had been the family residence. It also was ordered that property held by petitioner and his wife as joint tenants and located in Hampton, New Hampshire, be sold at public auction and the proceeds therefrom, net of the costs and expenses of sale, be split equally between petitioner and his wife. Finally, it was ordered that petitioner's wife pay petitioner $3,246.61 in principal and $204.96 in interest, representing petitioner's share of amounts which previously had been withdrawn by petitioner's wife from certain savings accounts. Subsequently, a divorce action having been filed by petitioner's wife, the Middlesex County Probate Court entered a decree of divorce on Cotober 6, 1971. The provisions of the divorce were expressed in an agreement (the Separation Agreement) which *82 was incorporated in and filed with the decree of divorce. The Separation Agreement provided in part as follows: 3. The parties agree that the execution and disposition of the Final Decree entered in the Middlesex Superior Court after Rescript from the Supreme Judicial Court of Massachusetts, No. 28682, shall be for all time settled and disposed of as follows: (a) * * * [the bonds, bank accounts, and common stock] shall be transferred and given over to the HUSBAND. (b) The real estate * * * described as 14 Addition Street, Arlington, shall be transferred and conveyed to the WIFE in her own right * * * (c) The real estate * * * in Hampton, New Hampshire, shall be transferred and conveyed to the HUSBAND, in his own right. 4. The HUSBAND shall pay to the WIFE upon the execution of this AGREEMENT the sum of TEN THOUSAND ($10,000.00) DOLLARS. 8. Subject to the provisions of this AGREEMENT, each party has released and discharged, and by this AGREEMENT does for himself of herself, and his or her heirs, legal representatives, executors, administrators and assigns, release and discharge the other of and from all causes of action, claims, rights, or demands whatsoever, in *83 law or equity, which either of the parties ever had or now has against the other, except any or all cause or causes of action for divorce. Pursuant to a provision in the Separation Agreement, the following modification to the Separation Agreement was made by the parties: Notwithstanding the provisions of the Separation Agreement dated the 4th Day of October, 1971, I [husband] agree to pay one-half the cost of any assessment by the Internal Revenue Service made against you [wife] for failure to report and pay taxes on the interest accured in certain Bank Books, the proceeds of which have been turned over to me pursuant to our Separation Agreement; provided, however, that said payment is limited to the sum of Five Hundred ($500.00) Dollars, inclusive of penalties and interest. Petitioner paid his wife $492 on January 17, 1972, pursuant to the foregoing modification to their Separation Agreement. During the taxable year 1971 petitioner paid legal fees in the amount of $12,455.67 in connection with his equity action in Middlesex County Superior Court. Respondent concedes that $1,166 of such total amount was paid for advice in connection with Federal income tax matters and *84 that such amount is deductible under section 212(3), Internal Revenue Code of 1954. [1] Furthermore, $100 of such total amount was paid in connection with the collection of income and is therefore deductible under section 212(1). During the taxable year 1971, petitioner paid legal fees in the amount of $2,500 in connection with the divorce action in Middlesex County Probate Court. Respondent concedes that $234 of such total amount was paid for advice in connection with Federal income tax matters and that such amount is deductible under section 213(3). Petitioner claimed a deduction for legal fees on his 1971 Federal income tax return in the amount of $11,056. Such amount was entirely attributable to petitioner's equity action; petitioner's legal fees arising from the divorce action were not deducted. Respondent disallowed the deduction, explaining that such legal fees are not deductible under section 212 or any other section of the Internal Revenue Code. Petitioner now claims that the entire amount paid during 1971 for legal fees in connection *85 with his equity action, $12,455.67, is deductible in computing his 1971 Federal income tax liability. Respondent also determined that petitioner failed to report $842 of interest income on his 1971 Federal income tax return. Such amount is comprised of the following components: SOURCE
AMOUNT
Arlington Five Cents Savings Bank (N90250) $166
Warren Institution for Savings
106
Springfield Institution for Savings
210
Arlington Cooperative Bank
32
Arlington Five Cents Savings Bank (N86525)
328 $842
Such components represent one-half of the interest paid on those accounts for the period January 1971 through September 1971 plus all of the interest paid on those accounts for the period October 1971 through December 1971. That method of allocation reflects the apportionment provided by the equity decree and its subsequent modification by the Separation Agreement. Petitioner did not report any of such interest as income on his 1971 Federal income tax return. OPINION While petitioner and his wife were experiencing marital problems, petitioner instituted an equity action against his wife to resolve conflicts about the ownership of and rights to certain *86 property, viz. bonds, bank accounts, common stock, Massachusetts realty, New Hampshire realty, and withdrawn funds. A Final Decree After Rescript from the Supreme Judicial Court of Massachusetts resolved such conflicts, being entered on July 15, 1971 by the Middlesex County Superior Court. In part, the court decreed that petitioner was entitled to one-half of the amounts on deposit in five savings accounts (hereinafter the savings accounts). Petitioner's wife instituted a divorce action against petitioner which resulted in the entry of a decree of divorce by the Middlesex County Probate Court on October 6, 1971. Pursuant to the decree of divorce and its attendant Separation Agreement, the same items of property that were the objects of petitioner's equity action were divided between petitioner and his wife. Such division was made differently under the Separation Agreement than under the equity decree, and under the Separation Agreement both parties relinquished any right to enforce the equity decree. Under the Separation Agreement, petitioner's wife agreed to transfer the savings accounts to petitioner as part of their property settlement. The first issue that has been presented *87 for our decision is whether petitioner must include in his income for 1971 interest earned on the savings accounts. Interest accrued on the amounts which were on deposit in the savings accounts and such interest was added to the balances of the savings accounts during 1971. Petitioner did not report an of such interest as income on his 1971 Federal income tax return and contends that he was correct in omitting the interest from his income. To support his contention, petitioner argues that he was unable to withdraw any of the interest from the savings accounts prior to the entry of the decree of divorce because he did not have control over the savings accounts and that the amounts received by him from his former wife pursuant to the decree of divorce were received as a lump sum settlement. Moreover, petitioner points out that he reimbursed his wife in the amount of $492 for payments of income tax which were made by her and which were attributable to interest paid on the five savings accounts during 1971. On the other hand, respondent contends that petitioner should have reported $842 as interest income from the savings accounts, representing one-half of the interest paid on those *88 accounts for the period January 1971 through September 1971 and all of the interest paid on those accounts for the period October 1971 through December 1971. We agree with respondent. At the outset, we dismiss as irrelevant petitioner's payment of $492 to his wife for what he characterizes as his share of income tax on the interest income generated by the savings accounts. Petitioner and his wife did not file a joint return for the taxable year 1971, and therefore petitioner was required to file a separate return of his income. Sec. 6012(a). It has long been held that income is taxable to the one who earns it and that the burden of taxation may not be shifted by the mere assignment of one's income to another. Lucas v. Earl, 281 U.S. 111 (1930). Therefore, petitioner was required to report separately as his income the part of the interest on the savings accounts that was his. It follows that petitioner was required to pay the resulting tax to the internal revenue officer with whom the return was filed. Sec. 6151(a). Petitioner's payment to his wife does not discharge any of the foregoing obligations, nor does it absolve petitioner of the duty to discharge *89 those obligations. As pointed out by petitioner, his equity action in the Middlesex County Superior Court was instituted to determine rights to and ownership of certain property. That is, petitioner requested the court to examine certain property and declare who, as between his wife and him, owned it or was entitled to its use. By issuing its final decree, the Middlesex County Superior Court described the existing rights to and ownership of the subject property. As part of that decree, the court determined that petitioner and his wife each had a one-half interest in the savings accounts. Under Massachusetts law, the Middlesex County Superior Court is a court of original jurisdiction for civil actions. Mass. Ann. Laws, ch. 212, sec. 4 (Michie/Law. Oc-op). The Supreme Judicial Court of Massachsetts is the highest court of that state. See Mass. Ann. Laws, ch. 211, sec. 3 (Michie/Law. Co-op). The final decree entered by the Middlesex County Superior Court in petitioner's equity action was entered after rescript to the Supreme Judicial Court of Massachusetts. Such final decree therefore reflects the opinion of the Supreme Judicial *90 Court of Massachusetts concerning petitioner's property rights. It therefore cannot be denied that such final decree determined the rights of petitioner in the subject property for purposes of this case. See Commissioner v. Estate of Bosch, 387 U.S. 456, 464-465 (1967). Thus, under the law of Massachusetts, petitioner had a one-half interest in the savings accounts from the beginning of 1971 up to the date that the decree of divorce was entered and the Settlement Agreement modified petitioner's interest in the savings accounts. As the owner of a one-half interest in the savings accounts, one-half of the interest income generated by the accounts was chargeable to petitioner. Since petitioner reported his income for 1971 using the cash receipts and disbursements method of accounting, petitioner was obliged to include in his income for 1971 one-half of the interest paid on the savings accounts during the period January 1, 1971 to October 6, 1971. Secs. 61(a)(4), 451(a). Such result must obtain regardless of the alleged but unproven fact that petitioner may not have had day-to-day control over the savings accounts; he did have a right to such income. [2] See Morgan v. Finnegan,182 F.2d 649, *91 (8th Cir. 1950), affg. 87 F.Supp. 274 (E.D. Mo. 1949); Gajewski v. Commissioner,67 T.C. 181, 198 (1976); Sec. 1.451-2(a), Income Tax Regs.
Under the Separation Agreement which was incorporated in the decree of divorce, petitioner's wife agreed to transfer the five savings accounts to petitioner. Petitioner offered no proof to establish that his wife failed to transfer the savings accounts to him as required by the Separation Agreement. Since petitioner's 50 percent interest in the savings accounts increased to 100 percent after the entry of the decree of divorce, all of the interest income generated by the savings accounts after the entry of the decree of divorce was chargeable to petitioner. As a cash basis taxpayer, petitioner was obliged to include in his income for 1971 all of the interest paid on the savings accounts during the period October 6, 1971 to December 31, 1971. Secs. 61(a)(4), 451(a). Petitioner contends that he should not be taxed on interest earned on the savings accounts prior to the date of the Separation Agreement because amounts received by him pursuant *92 to the Separation Agreement were received as a nontaxable lump sum settlement of property rights. Petitioner misapprehends both the facts and respondent's determination. The Separation Agreement brought about a settlement of property rights between petitioner and his wife. Prior to that agreement, petitioner already owned a one-half interest in the savings accounts and was entitled to one-half of the income generated by them. Petitioner's wife was entitled to the other half of the interest income and that portion constituted taxable income to her. The terms of the Separation Agreement included the award of the savings accounts to petitioner in their entirety. Thus, petitioner gained the other one-half interest in the accounts not previously held by him. Respondent's determination properly included in petitioner's income the interest generated by the one-half interest that petitioner actually held prior to the Settlement Agreement and that petitioner would have held even absent the Settlement Agreement. That amount was not received as a lump sum settlement of his property rights, but rather as income from property owned by petitioner. However, respondent's determination did *93 not include the interest income generated by the newly acquired one-half interest for the period January 1971 through September 1971; such amount was received by petitioner as part of the property settlement and does not constitute income to him. In summary, petitioner must report one-half of the interest paid on the savings accounts during the period January 1, 1971 to October 6, 1971 and all of the interest paid on the savings accounts during the period October 6, 1971 through December 31, 1971. Since petitioner bears the burden of proving respondent's determination to be incorrect, Welch v. Helvering,290 U.S. 111 (1933), and since petitioner offered no evidence to dispute respondent's computation of the amount of interest chargeable to petitioner, petitioner is chargeable with $842 of interest income from the savings accounts as determined by respondent.
Having determined that petitioner must include in his income for 1971 one-half of the interest earned on the savings accounts from January 1, 1971 to October 6, 1971, we note that section 212(1) allows petitioner a deduction for expenses paid for the production or collection of income. Thus, regardless of *94 how we decide the second issue herein, petitioner is entitled to deduct the portion of his legal fee that was attributable to the collection or attempted collection of interest income through the equity action. [3]Kelly v. Commissioner,23 T.C. 682 (1955), affd. on another issue 228 F.2d 512 (7th Cir. 1956). We are convinced that a portion of the $12,455.67 expended by petitioner for legal fees in the equity action is allocable to the collection of interest income earned on the savings accounts between January 1, 1971 and the date that the Final Decree After Rescript was entered. Considering that petitioner bears the burden of proof in this proceeding, Rule 142(a), Tax Court Rules of Practice and Procedure, and bearing heavily against petitioner whose inexactitude is of his own making, we have found that $100 of petitioner's legal fee is allocable to the collection of such interest income. Accordingly, petitioner is allowed a deduction in the amount of $100 under section 212(1). [4]
*95 The second issue that has been presented for our decision is whether petitioner is entitled to deduct amounts paid by him in 1971 for legal fees in connection with the equity action against his wife. During 1971, petitioner paid legal fees in the amount of $12,455.67 in connection with the equity action in Middlesex County Superior Court and $2,500 in connection with the divorce action in Middlesex County Probate Court. Of these amounts, $1,166 and $234 are respectively allocable to advice rendered in connection with Federal income tax matters, and as such are deductible under section 212(3). As noted above, $100 of the amount paid in connection with the equity action is deductible under section 212(1). Petitioner concedes that the rest of the legal fee paid in connection with the divorce action is not deductible, but contends that the rest of the legal fee paid in connection with the equity action is deductible on his 1971 Federal income tax return under section 212(2). Respondent disagrees. The cases which govern the one before us are United States v. Gilmore,372 U.S. 39 (1963), and United States v. Patrick,372 U.S. 53 (1963). In Gilmore, *96 the Supreme Court reversed a decision allowing deduction of legal expenses which were incurred by a taxpayer in prosecuting divorce proceedings. In Patrick, the Supreme Court reversed a decision allowing deduction of legal expenses which were incurred by a taxpayer in prosecuting divorce proceedings and in arriving at a related property settlement. Petitioner has attempted to blunt the precedential force of Gilmore and Patrick by arguing that those involve expenses directly related to divorce actions as distinguished from the expenses of litigation that is entirely separate from the divorce action and that is limited to a determination of property rights. Petitioner goes on to analogize the facts of the instant case to those present when partners litigate to settle property disputes arising from their partnership. Petitioner has read Gilmore and Patrick too narrowly.
As stated by the Supreme Court in Gilmore,
[The] origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was "business" or "personal" and *97 hence whether it is deductible or not under sec. 23(a)(2). [the predecessor to sec. 212(2)] * * * [372 U.S. at 49] In applying the foregoing test, we have denied the deduction of expenses incurred in litigation separate from but related to a divorce. Fleischman v. Commissioner,45 T.C. 439 (1966), (legal expenses incurred in defending a suit to invalidate an antenuptial agreement). While the facts in the instant case are not identical to those in Gilmore,Patrick, or Fleischman, the application of the test formulated by the Supreme Court in Gilmore requires us likewise to disallow petitioner's deduction. The equity action brought by petitioner in the Middlesex County Superior Court determined rights which "have their source in the marriage" and "grow out of the marital relationship." Fleischman,supra at 444 and 446. As such, the origin of petitioner's claim was personal, and petitioner may not deduct under section 212(2) the expenses connected with maintaining his equity action. United States v. Gilmore,supra;United States v. Patrick,supra.
As for petitioner's analogy *98 to a dispute between partners, it is unpersuasive. A similar analogy was proposed by the taxpayer in Gilmore and rejected by the Supreme Court. "The [taxpayer's] attempted analogy of a marital "partnership" to the business partnership involved in the Kornhauser case [Kornhauser v. United States,276 U.S. 145 (1928)] is of course unavailing. The marriage relationship can hardly be deemed an income-producing activity."372 U.S. at 52, n. 22. [Emphasis added.] Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Finney v. Commissioner,T.C. Memo. 1976-329↩.
3. Marcus v. Commissioner,T.C. Memo. 1964-206↩.
4. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year -- (i) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; or (3) in connection with the determination, collection, or refund of any tax.↩