*Decision will be entered under Rule 50.*

TUCKIE G. HESSE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9623.   Promulgated September 10, 1946.

*William J. Kenney, Esq.*, for the petitioner.
*Stanley L. Drexler, Esq.*, for the respondent.

## OPINION.

Harron, *Judge*: Petitioner contends that she is not required to include in her gross income $3,600 in each of the years 1942 and 1943, under section 22 (k) of the Internal Revenue Code,[1] the amount she

---

[1] (k) Alimony, Etc., Income.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *

received in each year for her own support and maintenance from her former husband, Frank Hesse. Petitioner's contention is predicated upon the particular law of Pennsylvania which does not allow or require the payment of alimony to a spouse who receives an absolute divorce from the bonds of matrimony.

The question presented calls for construction of section 22 (k) in the light of the situation in the State of Pennsylvania where alimony is allowed to a spouse who receives a limited divorce, a divorce from bed and board (in which divorce neither spouse may remarry), but does not allow alimony to a spouse who receives an absolute divorce, a divorce from the bonds of matrimony (in which case the spouses may remarry).[2] The only guide in making the construction of the statute which is necessitated is the statement in the congressional committee reports that "the amended sections will produce uniformity in the treatment of amounts paid in the nature of or in lieu of alimony regardless of variance in the laws of different states concerning the existence and continuance of an obligation to pay alimony."[3]

The payments in question here were in the nature of alimony, and they were in lieu of alimony. Petitioner desired at all times to receive support from her husband, and the record shows clearly that the respective agreements of petitioner and Frank Hesse (on her part to get an absolute divorce; and, on his part, to execute an agreement to provide for her support until she might remarry, with security of various kinds to assure payments to her) were made in connection with a contemplated divorce, and were made to take care of the lack of any provision under law which would require the payment of alimony to petitioner if she sued for and obtained an absolute divorce.

Petitioner is divorced, and was during 1942 and 1943. Thus section 22 (k) applies to her, in that she is in the class described therein. Cf. *Charles L. Brown,* 7 T. C. 715. The sums in question are periodic payments received subsequent to the decree of divorce. The narrow question is whether the payments were made under a written instrument incident to such divorce.

It is concluded from all of the evidence (1) that the payments in question were made under the agreement of February 14, 1936; and (2) that they were in discharge of a legal obligation which was incurred by the former husband under a written instrument incident to divorce. In our opinion, these payments come within the scope and

---

[2] Vernier, American Family Laws, vol. II, sec. 104: "Every American jurisdiction except South Carolina (which grants no divorces), Delaware, North Carolina and Texas has a statute allowing alimony to the wife in absolute divorce cases. * * * In Pennsylvania the only provision for permanent alimony after absolute divorce is in favor of an insane spouse who is defendant."

[3] H. Rept. No. 2333, 77th Cong., 2d sess., p. 72; S. Rept. No. 1631, 77th Cong., 2d sess., p. 83.

intendment of section 22 (k), and it is held that petitioner must include in her income for 1942 and 1943 the $3,600 which she received from her former husband.

Reviewed by the Court.

*Decision will be entered for the respondent.*