NORMAN SPECTOR AND MARCIA SPECTOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; LIONEL EHRENWORTH AND BETH EHRENWORTH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spector v. Commissioner
Docket Nos. 20102-91, 21548-91
United States Tax Court
T.C. Memo 1994-147; 1994 Tax Ct. Memo LEXIS 148; 67 T.C.M. (CCH) 2601; April 7, 1994, Filed *148 An order will be issued denying both motions for partial summary judgment. Mrs. Spector (W) and Dr. Ehrenworth (H) were married from 1955 to 1980. They divorced in 1980. In connection with the divorce, they executed a settlement agreement. The settlement agreement required H to make weekly payments to W for 12 years and identified the payments as alimony. W remarried shortly after the divorce. H stopped making the weekly payments. W sued in State court to compel H to continue making the payments. The State court ordered H to continue making the payments. H made the payments throughout the years in issue. W did not report the payments in her gross income. H deducted the payments from his gross income. R determined that the payments were taxable to W and not deductible by H. H and W separately petitioned this Court, and the cases were consolidated. W and H each filed motions for partial summary judgment. W contends that these payments were not taxable to her as alimony because of provisions of New Jersey law that restrict court-ordered postremarriage alimony. H contends that the payments were alimony for Federal tax purposes because the agreement identified the payments *149 as alimony and New Jersey courts enforced the agreement. Held, if a former spouse agrees to pay alimony after his or her spouse remarries, and the agreement is enforced under State law, then the fact that courts in that State may not order postremarriage alimony absent such an agreement does not in itself determine whether the payments are treated as alimony for Federal income tax purposes. Taylor v. Campbell, 335 F.2d 841 (5th Cir. 1964); Mass v. Commissioner, 81 T.C. "12 (1983); Dixon v. Commissioner, 44 T.C. 709 (1965); Hogg v. Commissioner, 13 T.C. 361 (1949); Hesse v. Commissioner, 7 T.C. 700 (1946); see Engelhardt v. Commissioner, 58 T.C. 641 (1972). Hoffman v. Commissioner, 54 T.C. 1607 (1970), affd. 455 F.2d 161 (7th Cir. 1972), distinguished. Held further, the character of payments for Federal income tax purposes under sec. 71(a)(1) is determined by consideration of all the facts and circumstances, and not solely by reference to how it is characterized *150 by the separation agreement. Yoakum v. Commissioner, 82 T.C. 128 (1984); Beard v. Commissioner, 77 T.C. 1275 (1981); Gammill v. Commissioner, 73 T.C. 921 (1980), affd. 710 F.2d 607 (10th Cir. 1982); Hesse v. Commissioner, 60 T.C. 685 (1973), affd. without published opinion 511 F.2d 1393 (3d Cir. 1975). Both motions for partial summary judgment will be denied. For Norman Spector and Marcia Spector, petitioners: Robert J. Alter and Richard J. Sapinski. For Lionel Ehrenworth and Beth Ehrenworth, petitioners: Stephen H. Skoller and Stephen E. Lampf. For respondent: Craig Connell. COLVIN
COLVIN
MEMORANDUM OPINION COLVIN, Judge: This matter is before the Court on motions for partial summary judgment filed by Norman and Marcia Spector (the Spectors) in docket No. 20102-91 and Lionel and Beth Ehrenworth (the Ehrenworths) in docket No. 21548-91. [1]
*151 Respondent determined deficiencies in petitioners' income tax as follows: Norman and Marcia Spector: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)(A) [1] 6653(a)(1)(B)
6661(a)
1986
$ 15,117
$ 756
[2]
$ 3,779
1987
16,043
802
[2]
3,845
1988
9,580
479
--
2,395
Lionel Ehrenworth: 1986
26,005
1,300
[2]
6,501
1987
20,610
1,031
[2]
5,153
Lionel and Beth Ehrenworth:
Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) Sec. 6661(a)
1988
11,648
582
2,912
Dr. Ehrenworth and Mrs. Spector were married to each other from 1955 to 1980. When they divorced in 1980, Dr. Ehrenworth agreed to pay alimony. When Mrs. Spector remarried, Dr. Ehrenworth stopped making the payments, but, in response to an action brought by Mrs. Spector, the New Jersey courts ordered Dr. Ehrenworth to continue making the payments. The Spectors filed a motion for partial summary judgment that the payments were not alimony under section 71. The Ehrenworths filed a motion for partial *152 summary judgment that the payments were alimony under section 71. Respondent filed responses supporting the Ehrenworths' motion and opposing the Spectors' motion. A motion for summary judgment or partial summary judgment is granted if there is no genuine issue as to any material fact and the decision can be rendered as a matter of law. Rule 121; Shiosaki v. Commissioner, 61 T.C. 861, 862-863 (1974). The parties agree that there is no material fact in dispute relating to the motions. Petitioners' motions for partial summary judgment raise the following issues: 1. Whether, as Mrs. Spector contends, payments she received from Dr. Ehrenworth are not alimony for Federal tax purposes because New Jersey law, N.J. Stat. Ann. sec. 2A:34-25 (West 1952), provides that courts may not make any order providing for alimony after remarriage of the recipient spouse. We hold that the Federal income tax treatment of the payments is not determined solely by reference to this provision of New Jersey law, and we deny Mrs. Spector's motion for partial summary judgment. 2. Whether, as Dr. Ehrenworth contends, the payments are alimony for Federal income tax purposes *153 because the agreement accompanying the divorce identified the payments as alimony, and the agreement was enforced by the New Jersey courts. We hold that these facts by themselves do not determine the Federal tax treatment of the payments, and we deny Dr. Ehrenworth's Ehrertworth's motion for partial summary judgment. References to Mrs. Spector are to Marcia Spector. References to Dr. Ehrenworth are to Lionel Ehrenworth. Section references are to the Internal Revenue Code in effect for the years at issue. Rule references are to the Tax Court Rules of Practice and Procedure. Background
Mrs. Spector (formerly Mrs. Ehrenworth) and Dr. Ehrenworth were married in 1955. They had four children (Richard, Andrew, Robert, and Douglas). They filed cross-motions for divorce in or before 1980. Mrs. Spector and Dr. Ehrenworth settled the property distribution and alimony issues at a conference before the Superior Court of New Jersey, Chancery Division, Essex County on March 13, 1980. On July 3, 1980, Mrs. Spector and Dr. Ehrenworth signed a "Property Settlement and Support Agreement" (the support agreement) in which, among other things, Mrs. Spector waived all rights she had to any *154 interest in Dr. Ehrenworth's pension fund and medical practice. She also conveyed by deed any and all interest she had in a medical building and any and all rights she had to any shares in the Phoenix Corp. Dr. Ehrenworth agreed to pay Mrs. Spector $ 224,450 on July 3, 1980, and $ 100,000 by August 1, 1980, for certain objects of art. Dr. Ehrenworth agreed to pay $ 7,000 per year to support Richard and Andrew until they began their post-high school education or were emancipated. At the time of the settlement, Richard was 11 and Andrew was 15. Dr. Ehrenworth agreed to pay Mrs. Spector $ 800 per week for 12 years regardless of Mrs. Spector's financial circumstances, income, or health. They agreed that the payments would cease if Mrs. Spector died, but not if she remarried. These payments were identified in their agreement as alimony. Mrs. Spector agreed to maintain a life insurance policy with a face value of $ 300,000 insuring the life of Dr. Ehrenworth. If Dr. Ehrenworth died before making all the weekly payments to Mrs. Spector, his estate would pay the balance less the insurance proceeds received by Mrs. Spector. Mrs. Spector and Dr. Ehrenworth were divorced on July 7, *155 1980. The Judgment of Divorce provided that the Property Settlement and Support Agreement dated July 3, 1980, a copy of which is attached hereto, which Property Settlement and Support Agreement was voluntarily entered into by the parties and reduced to writing to memorialize the parties' prior oral Property Settlement and Support Agreement dated March 13, 1980, be and the same is incorporated but not merged in the within Judgment * * *
Mrs. Spector married Norman Spector on August 23, 1980. After that time, Dr. Ehrenworth stopped paying Mrs. Spector the $ 800 per week. On April 10, 1981, Mrs. Spector filed a motion in New Jersey Superior Court to compel Dr. Ehrenworth to continue paying her $ 800 per week. Dr. Ehrenworth filed a cross-motion to terminate these payments and to vacate arrearages. He argued that the payments were alimony and that Mrs. Spector could not continue to recover alimony under N.J. Stat. Ann. sec. 2A:34-25[2] because she remarried. *156 The judge who handled the divorce case and conducted the settlement negotiations decided the motions. The judge granted Mrs. Spector's motion. Dr. Ehrenworth appealed. On October 7, 1982, the Appellate Division of the Superior Court affirmed the lower court's ruling. Ehrenworth v. Ehrenworth, 187 N.J. Super. 342, 347 (1982). The Appellate Division stated: [The New Jersey statute] is intended to provide that if the court has awarded alimony, then upon the wife's remarriage the alimony must cease. * * * We see no reason in public policy why the agreement should not be enforced. The parties voluntarily agreed upon its terms in proceedings of the greatest formality. If the payments were to be treated by the parties as installments on a fixed obligation as opposed to alimony, it cannot be doubted that [Dr. Ehrenworth] would be denied relief since [the New Jersey statute] deals only with alimony. We do not see why the fact that for perceived tax advantages the parties preferred to call the payments alimony should have a bearing on the outcome of this litigation. Enforcement of [the New Jersey statute] in the circumstances of this case would *157 work an unconscionable result relieving [Dr. Ehrenworth] of his freely bargained-for obligation and depriving plaintiff of the benefit for which she negotiated. In negotiating this agreement [Mrs. Spector] thereby forewent the possibility of obtaining other consideration from [Dr. Ehrenworth]. [Id. at 349.]
Dr. Ehrenworth paid Mrs. Spector $ 800 per week in accordance with the support agreement in 1986 and 1987. In 1988, Dr. Ehrenworth paid $ 800 for at least 50 weeks. Dr. Ehrenworth deducted the payments from his gross income for the years in issue. Mrs. Spector did not include the payments in her gross income. Discussion
1. Introduction
A former spouse must include in gross income periodic payments received in discharge of a legal obligation which, because of the marital or family relationship, is imposed on the other spouse under a divorce decree or incurred by the other spouse under a written agreement accompanying the divorce. Sec. 71(a)(1); [3]Brown v. Commissioner, 50 T.C. 865 (1968), affd. 415 F.2d 310 (4th Cir. 1969). Payments which are part of a property settlement *158 are not taxable to the recipient under section 71. Estate of Smith v. Commissioner, 208 F.2d 349 (3d Cir. 1953), affg. a Memorandum Opinion of this Court dated Nov. 28, 1952; Yoakum v. Commissioner, 82 T.C. 128, 134 (1984); Thompson v. Commissioner, 50 T.C. 522, 525 (1968). A taxpayer may deduct amounts paid to a former spouse if those payments are includable in the former spouse's gross income under section 71. Sec. 215; Yoakum v. Commissioner, supra.
*159 2. The Effect of State Law Terminating Alimony After Remarriage
Mrs. Spector agrees that Dr. Ehrenworth had a legal obligation to make payments to her. However, she argues that the obligation was not a legal obligation incurred by Dr. Ehrenworth under a written instrument incident to their divorce for purposes of section 71(a)(1) because, under New Jersey law, courts may not order alimony to be paid after the remarriage of the recipient of the payments. N.J. Stat. Ann. sec. 2A:34-25 (West 1952). State law determines the rights of the parties and Federal law determines the Federal income tax consequences of those rights. Morgan v. Commissioner, 309 U.S. 78, 80 (1940); Lucas v. Earl, 281 U.S. 111 (1930); Sampson v. Commissioner, 81 T.C. 614, 618 (1983), affd. without published opinion 829 F.2d 39 (6th Cir. 1987). Consistent with this principle, State law determines whether a legal obligation exists for purposes of section 71(a)(1). Brown v. Commissioner, supra.A legal obligation may be imposed on a spouse by a divorce *160 decree or incurred by the spouse in an agreement incident to the divorce. Sec. 71(a)(1); Taylor v. Campbell, 335 F.2d 841, 846 (5th Cir. 1964); Mass v. Commissioner, 81 T.C. 112, 130 (1983); Kern v. Commissioner, 55 T.C. 405, 407 (1970); Dixon v. Commissioner, 44 T.C. 709, 714 (1965); Hogg v. Commissioner, 13 T.C. 361, 367 (1949); Hesse v. Commissioner, 7 T.C. 700 (1946). For purposes of section 71, a legal obligation to make payments after the remarriage of the recipient spouse may be incurred under an agreement between the divorcing spouses in a State that does not permit postremarriage alimony. Taylor v. Campbell, supra; Mass v. Commissioner, supra; Dixon v. Commissioner, supra; Hogg v. Commissioner, supra; Hesse v. Commissioner, supra; see Engelhardt v. Commissioner, 58 T.C. 641, 647 (1972). Here, the legal obligation *161 Dr. Ehrenworth incurred in the support agreement was enforced in litigation initiated by Mrs. Spector. Mrs. Spector relies on Hoffman v. Commissioner, 54 T.C. 1607, 1611 (1970), affd. 445 F.2d 161 (7th Cir. 1972). In Hoffman, the husband agreed incident to a divorce to make periodic payments to his former wife. The rights of the divorcing spouses in Hoffman were determined by the divorce decree, not by the agreement, which was deemed to have merged into the decree. Id. at 1612. After the wife remarried, the husband continued to make payments. Id. at 1609. We held that an obligation for purposes of section 71(a)(1) may not be incurred by a former spouse under a divorce decree in a State that does not provide for postremarriage alimony. Mrs. Spector's reliance on Hoffman fails to recognize the distinction between a legal obligation to provide support which is incurred under an agreement incident to a divorce and one which arises under a court decree. That distinction was noted in Brown v. Commissioner, supra. *162 In Brown, we held that postremarriage payments to a former spouse, paid pursuant to a court order, were not alimony because applicable State law did not allow postremarriage alimony. However, in Brown, we noted that the obligation to make payments did not arise under an agreement. Id. at 869. We said that "we need take no position as to what result would ensue had there been such an agreement," id., citing with apparent approval, some of the cases on which we rely here, Hogg v. Commissioner, supra; Resse v. Commissioner, supra; and Dixon v. Commissioner, supra.
Just as in Brown we distinguished the situation before us here (the treatment of postremarriage payments to a former spouse made pursuant to an agreement), we here distinguish Hoffman v. Commissioner, supra, because it involved postremarriage alimony paid pursuant to a divorce decree. Thus, we conclude that Mrs. Spector's reliance on Hoffman is not persuasive. [4]
*163 In Mass v. Commissioner, supra at 128, we held that the agreement may survive incorporation where evidence of intent contrary to merger is convincing. In Mass, we found that the parties rebutted the presumption of merger and that the prior agreement incorporated into the divorce decree did not merge into the decree but retained its independent legal significance. Id. at 127-128. We distinguished Hoffman v. Commissioner, supra, and noted that "Hoffman does not foreclose the possibility that parties may prevent their contractual agreements from merging into subsequent divorce decrees." Id. at 126. Here, the Judgment of Divorce states that the property settlement and support agreement "is incorporated but not merged" in the judgment. Thus, as in Mass, Dr. Ehrenworth's obligation to make payments to Mrs. Spector arose under an agreement incident to their divorce, which retained its independent legal status. Mrs. Spector contends that Hesse v. Commission, supra, Hogg v. Commisioner, supra, and Dixon v. Commissioner, supra, *164 are no longer controlling because those cases were decided before the enactment of the Internal Revenue Code of 1954. We disagree. First, we note that Taylor v. Campbell, supra, Kern v. Commissioner, supra, and Engelhardt v. Commissioner, supra, were decided under the Internal Revenue Code of 1954, and are contrary to Mrs. Spector's position. Second, section 22(k) of the 1939 Code [5] (the predecessor to section 71(a)(1)) and section 71 (a)(1) of the 1954 Code are nearly identical and lead to the same conclusion on this point. *165 The legislative history accompanying enactment of section 22(k) of the 1939 Code makes clear that Congress intended that amounts paid as alimony generally should be treated uniformly regardless of the variance in State laws concerning the existence and continuance of the obligation to pay alimony. H. Rept. 2333, 77th Cong., 1st Sess., 72 (1942), 1942-2 C.B. 372, 427; S. Rept. 1631, 77th Cong., 2d Sess., 83 (1942), 1942-2 C.B. 504, 568; Hesse v. Commissioner, 7 T.C. at 704. Consistent with this, characterization of payments for purposes of section 71(a)(1) is decided by considering all of the facts and circumstances. Yoakum v. Commissioner, 82 T.C. at 140; Beard v. Commissioner, 77 T.C. 1275, 1284 (1981); Gammill v. Commissioner, 73 T.C. 921, 926-927 (1980), affd. 710 F.2d 607 (10th Cir. 1982); Hesse v. Commissioner, 60 T.C. at 691. In deciding whether payments are a property settlement or alimony, we have considered whether: (1) The recipient surrendered *166 valuable property rights in exchange for the payments; (2) the parties intended the payments to effect a division of their assets; (3) the amount of the payments plus the other property awarded to the recipient equals approximately one-half of the property accumulated by the parties during marriage; (4) the payments are fixed in amount and not subject to contingencies, such as the death or remarriage of the recipient; (5) the payments are secured; (6) the needs of the recipient were taken into consideration in determining the amount of the payments; (7) the payments are related to the obligor's income; (8) there is a separate provision for support elsewhere in the agreements; and (9) the State court characterized the payments as alimony or a property settlement. Riley v. Commissioner, 649 F.2d 768, 774 (10th Cir. 1981), affg. T.C. Memo. 1979-237; Beard v. Commissioner, supra at 1284-1285; Widmer v. Commissioner, 75 T.C. 405, 409 (1980). In deciding the character of an award in a divorce or separation agreement, we also consider the clearly indicated intent *167 of well-counseled, adverse parties that the payments are alimony. Green v. Commissioner, 855 F.2d 289 (6th Cir. 1988), affg. T.C. Memo. 1986-269; Griffith v. Commissioner, 749 F.2d 11 (6th Cir. 1984), affg. T.C. Memo. 1983-278; Burtrum v. Commissioner, T.C. Memo. 1992-389, affd. without published opinion    F.3d     (6th Cir., Mar. 8, 1994). 3. The Nature of the Payments
Dr. Ehrenworth argues that the payments are alimony because the agreement said the payments were alimony, and the New Jersey courts enforced the agreement. We agree that Dr. Ehrenworth had a legal obligation to make the payments. However, the determination of whether payments are in the nature of support or part of a property settlement, as stated above, is decided by considering all of the facts and circumstances. Yoakum v. Commissioner, 82 T.C. 128 (1984); Beard v. Commissioner, supra; Gammill v. Commissioner, supra; Hesse v. Commissioner, 7 T.C. 700 (1946).
*168 4. Conclusion
Both motions for partial summary judgment, in effect, ask us to classify these payments according to how they were characterized at one stage or another of this case before it reached us. Dr. Ehrenworth's motion relies on the fact that the payments were characterized as alimony in the agreement accompanying his and Mrs. Spector's divorce. Mrs. Spector's motion relies on the fact that New Jersey law bars courts from ordering alimony after the remarriage of the recipient. While these factors are among those courts may consider in deciding the character of the payments, neither is controlling in itself. To reflect the foregoing, An order will be issued denying both motions for partial summary judgment. Footnotes
1. These cases are consolidated.↩
1. Sec. 6653(a)(1) was in effect for 1988.↩
2. Fifty percent of the interest due on the portion of the underpayment attributable to negligence.↩
2. N.J. Stat. Ann. Sec. 2A:34-25 (1952), provides that: If after the judgment of divorce the wife shall remarry, the court shall not make any order as to the alimony of such wife except that upon application of the former husband, on notice and on proof of the marriage of the former wife after the judgment of divorce, the court shall modify any order or judgment as to the alimony of the former wife by vacating and annulling any and all provisions in any such order or judgment, or both, directing the payment of money for the support of the former wife.
In 1988, New Jersey revised the statute to be gender neutral, among other things. See N.J. Stat. Ann. sec. 2A:34-25↩ (West 1987 and Supp. 1993).
3. Sec. 71(a)(1) provides: (1) Decree of divorce or separate maintenance. -- If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.
Secs. 71 and 215 were amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 422(a) and (b), 98 Stat. 795. The 1984 amendments apply to divorce or separation instruments executed after Dec. 31, 1984, and instruments modified on or after Jan. 1, 1985, if the modification provides that the 1984 amendments govern. Mrs. Spector and Dr. Ehrenworth were divorced in 1980. The record does not indicate that the parties amended the separation agreement or the divorce decree to provide that the 1984 amendments govern. Thus, the 1984 amendments to secs. 71 and 215 do not apply here.↩
4. Mrs. Spector also relies on Cohen v. Commissioner, T.C. Memo. 1977-383, in which we held that payments were fixed as child support for purposes of sec. 71(b). In Cohen, the parties executed an agreement providing for alimony and child support. The agreement was later incorporated by reference into the divorce decree. The agreement required the husband to continue to pay alimony at a reduced amount if the wife remarried. The wife remarried, and the husband stopped making payments at the reduced amount provided by the agreement. The New Jersey Superior Court concluded that the reduced payments were fixed as child support and ordered the husband to continue making payments. We held that the payments were child support and not alimony. Cohen↩ is distinguishable because the issue here is whether either Dr. Ehrenworth or Mrs. Spector is entitled to partial summary judgment under sec. 71(a)(1), not whether the payments were fixed as child support under sec. 71(b).
5. Sec. 22(k) of the 1939 Code, as amended by the Revenue Act of 1942, ch. 619, sec. 120, 56 Stat. 816-817, provided: In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of, * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * * The legislative history states: These amendments are intended to treat such payments as income to the spouse actually receiving or actually entitled to receive them and to relieve the other spouse from the tax burden upon whatever part of the amount of such payments is under the present law includible in his gross income. * * * [H. Rept. 2333, 77th Cong., 1st Sess. (1942), 1942-2 C.B. 372↩, 427.]