113 T.C. No. 11


UNITED STATES TAX COURT


JOHN B. YOUNG AND MARTHA H. YOUNG, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


LOUISE F. YOUNG, f.k.a. LOUISE Y. AUSMAN, AND
JAMES R. AUSMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 20435-97, 21489-97.      Filed August 20, 1999.


    Ps, H and W, were divorced in 1988.  Pursuant to
their 1989 property settlement, H transferred to W his
promissory note for $1,500,000.  After H defaulted on
the note, a State court entered judgment in favor of W.
In 1992, as part of a settlement agreement relating to
the judgment, H transferred property to W in exchange
for the promissory note.  The transfer satisfied the
principal, accrued interest, and legal and collection
expenses due pursuant to the terms of the promissory
note.
    1.  Held:  Sec. 1041 applies to the 1992 transfer
of property, from H to W, that resolved a dispute that
arose from their property settlement.
    2.  Held, further, W's 1992 gross income includes
$308,906 relating to the value of property transferred
to her to discharge certain debts.

3. _Held, further_, W may deduct, pursuant to section 212(1), I.R.C., legal and collection expenses attributable to the collection of taxable income.

_William M. Claytor_, for petitioners in docket No. 20435-97.

_Herman Spence III_, _Frank H. Lancaster_, and _Martin L. Brackett, Jr._, for petitioners in docket No. 21489-97.

_Edwina L. Charlemagne_, for respondent.

FOLEY, _Judge_: Respondent determined the following deficiencies in, addition to, and penalty related to, petitioners' Federal income tax:

John B. Young and Martha H. Young, docket No. 20435-97:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1992 | $636,856 | $126,241 |
| 1993 | 98,716 | 19,685 |

Louise F. Young, f.k.a. Louise Y. Ausman, and James R. Ausman, docket No. 21489-97:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|----------------------------------|
| 1992 | $212,888 | $21,121 |
| 1993 | 609,319 | -- |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The cases have been consolidated for purposes of

trial, briefing and opinion.  After concessions by the parties, the remaining issues for decision are:

1.  Whether the transfer of property to resolve John B. Young and Louise F. Young's dispute that arose from their property settlement is subject to section 1041.  We hold it is.

2.  Whether the value of property transferred to Louise F. Young, to discharge certain debts, must be included in her gross income.  We hold it does.

3.  Whether Louise F. Young is entitled, pursuant to section 212(1), to a deduction for legal and collection expenses attributable to the collection of taxable income.  We hold she is.

FINDINGS OF FACT

At the time the petitions were filed, petitioners resided in North Carolina.  John B. Young and Louise F. Young were married in 1969 and divorced in 1988.  On October 9, 1989, they entered into a Mutual Release and Acknowledgment of Settlement Agreement (the 1989 Property Settlement), which provided for the distribution of their marital property.  On that date and pursuant to the terms of the 1989 Property Settlement, John delivered to Louise his promissory note for $1,500,000.  The note was secured by a deed of trust on property that John received as part of the 1989 Property Settlement.  The note provided that John would make five annual payments, which included interest,

and, in case of default, would pay reasonable legal and other expenses relating to collection proceedings.

In October 1990, John defaulted on the note, and in November 1990, Louise filed a collection suit in the Superior Court of Mecklenburg County, North Carolina. In May 1991, the court entered a judgment (the Judgment) in favor of Louise, awarding her principal and interest owed pursuant to the note and reasonable legal expenses in an amount that was to be determined by the court at a later date. In 1991, after the Judgment, John paid Louise $160,000, all of which Louise recognized as interest income on her 1991 Federal income tax return.

In 1992, Louise initiated, and paid $8,475 of expenses relating to, litigation to execute the Judgment. She canceled the execution proceedings, however, to allow the parties to negotiate a settlement. On December 9, 1992, Louise and John entered into a Settlement Agreement and Release (the 1992 Agreement) that resolved Louise's collection suit. John agreed to transfer to Louise a 59-acre tract of land (the Land) that he received as part of the 1989 Property Settlement. In exchange, Louise authorized the cancellation of the Judgment and agreed to surrender to John the promissory note. Pursuant to the 1992 Agreement, the transfer of the Land, in December 1992, discharged all of John's debts to Louise, which totaled $2,153,845 and included the following: (1) $1,500,000 of note principal; (2)

$344,938 of accrued interest; (3) $300,606 of legal expenses; and (4) $8,300 of collection expenses. At the time of the transfer, John's basis in the Land was $130,794.

The 1992 Agreement also provided that Louise grant John an option to repurchase the Land for $2,265,000. John assigned the option to Investment Partners of Charlotte, Ltd., which exercised the option on December 31, 1992, and consummated the purchase of the Land from Louise on January 11, 1993. On that latter date, Louise's attorneys received $300,000 of the sales proceeds (i.e., which discharged Louise's obligation to pay for their legal services), Louise received the remainder of the proceeds, and she marked John's promissory note "Paid and Satisfied".

OPINION

I. Transfer of Property Incident to Divorce

Respondent contends that section 1041 applies to John's transfer of the Land to Louise. John agrees with respondent's contention, while Louise contends that section 1041 does not apply.

Section 1041(a) provides that "No gain or loss shall be recognized on a transfer of property from an individual to * * * a former spouse, but only if the transfer is incident to the divorce." If section 1041 applies, the transferee's basis in the property is the transferor's adjusted basis. See sec. 1041(b)(2).

A transfer of property is "incident to the divorce" if it either occurs within 1 year of the divorce or is "related to the cessation of the marriage".  Sec. 1041(c).  The statute does not define the phrase "related to the cessation of the marriage", but temporary regulations provide a safe harbor for certain transactions occurring within 6 years of the divorce.  The regulations provide that such transfers are related to the cessation of the marriage if the transfer is "pursuant to a divorce or separation instrument, as defined in section 71(b)(2)".  Sec. 1.1041-1T(b), Q&A-7, Temporary Income Tax Regs., 49 Fed. Reg. 34453 (Aug. 31, 1984).  A section 71(b)(2) divorce or separation instrument includes a "written instrument incident to * * * a [divorce] decree".  Sec. 71(b)(2).

The parties agree that the 1989 Property Settlement was, pursuant to section 71(b)(2), "incident to" the divorce decree because its purpose was to divide the marital property.  The 1992 Agreement resolved a dispute arising under the 1989 Property Settlement and completed the division of marital property.  See, e.g., Stevens v. Commissioner, 439 F.2d 69, 70 n.4 (2d Cir. 1971) (paraphrasing "incident to" as "[implementing] the terms of the decree"); Barnum v. Commissioner, 19 T.C. 401, 407 (1952) (paraphrasing "incident to" as "related to"); Hesse v. Commissioner, 7 T.C. 700, 704 (1946) (paraphrasing "incident to" as "in connection with").  We conclude that the 1992 Agreement

was "incident to" the divorce decree, and, as a result, the transfer of the Land was, pursuant to the regulations, "related to the cessation of the marriage".  See sec. 1.1041-1T(b), Q&A-7, Temporary Income Tax Regs., supra.  Even if the regulations were not applicable, the transfer satisfied the statutory requirement that the transfer be "related to the cessation of the marriage".  See sec. 1041(c).  Accordingly, section 1041 is applicable.

II.   Value of Property Transferred Includable in Gross Income

Respondent determined that John's transfer of the Land discharged a $308,906 debt to Louise for legal and collection expenses (i.e., $300,606 legal plus $8,300 collection), and, as a result, such amount is includable in Louise's 1992 gross income.  Louise failed to present any evidence relating to the collection expenses, and, therefore, the $8,300 is includable in her gross income.  Louise contends, however, that John was obligated to pay the legal expenses; she was merely a conduit for the payment of the fees to her attorneys; and the value of property transferred to discharge this debt is not includable in her gross income.  We reject her contentions.

Generally, taxpayers are treated as realizing taxable income when their expenses are paid by another.  See Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955); O'Malley v. Commissioner, 91 T.C. 352, 358 (1988).  Louise was obligated to pay the legal expenses.  The fact that her attorneys were paid

directly out of the sales proceeds does not relieve her from tax on that income. See Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 729 (1929) (holding that a third person's payment of a taxpayer's obligation is equivalent to the receipt of the amount of the obligation by the taxpayer). Accordingly, we sustain respondent's determination.

III. Deductibility of Legal and Collection Expenses

Respondent contends that Louise may deduct $2,573 of the collection expenses she paid in 1992 (i.e., $8,475) and $91,071 of the legal expenses she paid in 1993 (i.e., $300,000). John's transfer of property that discharged his obligation to pay interest, legal expenses, and collection expenses (i.e., $344,938, $300,606, and $8,300, respectively) resulted in $653,844 of taxable income to Louise. Respondent calculated the deductions based on the ratio of the $653,844 of taxable income to the $2,153,845 of total debts discharged by the transfer (i.e., $653,844 divided by $2,153,845 equals 30.36 percent). See Kelly v. Commissioner, 23 T.C. 682, 688 (1955), affd. 228 F.2d 512 (7th Cir. 1956) (allowing a deduction for legal expenses allocable to the recovery of taxable income). We sustain respondent's contentions.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decisions will be entered

under Rule 155.