T.C. Memo. 2015-126

UNITED STATES TAX COURT

CHRISTINA M. MEHRIARY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18291-13.                                Filed July 9, 2015.

Christina M. Mehriary, pro se.

<u>Miriam C. Dillard</u>, and <u>A. Gary Begun</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2011

Federal income tax of $19,255 and an accuracy-related penalty under section

[*2] 6662(a).[1]  The issues for decision are whether petitioner is (1) entitled to claim an $80,000 loss or itemized deduction for the transfer of property to her ex-husband and (2) liable for the accuracy-related penalty.

FINDINGS OF FACT

Some of the facts are stipulated and are so found.  We incorporate by reference the stipulation of facts and the attached exhibits.  Petitioner resided in Florida when she filed her petition.

Petitioner and Bradley Williams entered into a marital settlement agreement on January 11, 2010.  The agreement provided that Mr. Williams would have exclusive use, ownership, and possession of the marital home at Morton Road in New Bern, North Carolina (Morton property), and petitioner would receive the residence at Sweet Briar Road in New Bern, North Carolina (Sweet Briar property).  Mr. Williams transferred his interest in the Sweet Briar property to petitioner via a quitclaim deed dated February 18, 2010.

The agreement further provided that petitioner would pay Mr. Williams $4,000 per month for 60 months, commencing February 1, 2010, as nonmodifiable lump-sum alimony.  All payments were to be made to Wells Fargo Bank to pay the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** mortgage on the Morton property. In the event that the mortgage was paid in full before full payment of the lump-sum alimony, petitioner would continue to pay the remaining lump-sum alimony directly to Mr. Williams. Finally, the agreement advised the parties to seek the opinion and advice of a tax professional as to the tax ramifications of the agreement. On February 19, 2010, the Circuit Court for Escambia County, Florida (hereinafter circuit court), entered a final judgment of dissolution of marriage.

Sometime thereafter, petitioner submitted to Mr. Williams a modification to the marital agreement which stated that petitioner would convey (through a quitclaim deed) the Sweet Briar property back to Mr. Williams in lieu of $80,000 of the alimony obligation. Mr. Williams agreed to and signed the modification.

Petitioner quitclaimed the Sweet Briar property to Mr. Williams on February 16, 2011. On September 28, 2011, petitioner sent a letter to the circuit court requesting that the court modify the divorce decree to reflect the transfer of the Sweet Briar property to Mr. Williams in lieu of $80,000 of her alimony obligation.

On Schedule A, Itemized Deductions, of her 2011 tax return, petitioner claimed an $80,000 loss deduction for the transfer of the Sweet Briar property to Mr. Williams. At trial petitioner stated that she claimed the loss deduction

**[\*4]** because her insurance company characterized the Sweet Briar property as investment property.

OPINION

I.     Burden of Proof

The Commissioner's determinations set forth in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner does not contend, and the evidence does not establish, that the burden of proof should shift to respondent under section 7491(a) as to any factual issue.

II.     Transfer Incident to Divorce

Section 1041(a) provides that no gain or loss is recognized on the transfer of property from one spouse to another or to a former spouse, but only if the transfer is incident to divorce.  A transfer of property is incident to divorce if the transfer occurs within one year after the date on which the marriage ceases, or is related to the cessation of the marriage.  Sec. 1041(c).  A transfer of property is related to the cessation of the marriage if the transfer is pursuant to a divorce or separation instrument, as defined in section 71(b)(2), and the transfer does not occur more than six years after the date on which the marriage ceases.  Sec. 1.1041-1T(b), Q&A-7, Temporary Income Tax Regs., 49 Fed. Reg. 34453 (Aug. 31, 1984).  A

**[\*5]** divorce or separation instrument includes a "written instrument incident to such a decree".  Sec. 71(b)(2).

Petitioner transferred the Sweet Briar property to Mr. Williams in lieu of $80,000 of her alimony obligation.  The final judgment of divorce was entered on February 19, 2010, and the Sweet Briar property was transferred on February 16, 2011.  This transfer is considered a transfer of property incident to divorce because the transfer occurred within one year after the date on which the marriage ceased.  Furthermore, the written modification to the marital agreement signed by petitioner and Mr. Williams was a divorce or separation instrument.  See Young v. Commissioner, 113 T.C. 152, 155-156 (1999) (holding that a written modification agreement was a written instrument incident to a divorce decree because it settled marital property obligations arising from a divorce decree), aff'd, 240 F.3d 369 (4th Cir. 2001).  Because the transfer of the Sweet Briar property was pursuant to petitioner's and Mr. Williams' modification agreement and occurred within one year of petitioner's divorce from Mr. Williams, the transfer was related to the cessation of their marriage.  As such, the transfer was incident to their divorce in all respects.  Therefore, under section 1041(a) petitioner may not recognize an $80,000 loss upon the transfer of the Sweet Briar property to Mr. Williams.

**[*6]** III.     <u>Alimony Deduction</u>

Alternatively, petitioner argues that the transfer of the Sweet Briar property to Mr. Williams is a deductible alimony payment.

Alimony (or separate maintenance) payments are deductible from income by the payor and includable in the income of the payee. Secs. 61(a)(8), 71(a), 215(a) and (b). The payments must meet certain requirements to be deductible, however. <u>See</u> secs. 71, 215. One requirement is that payments be made in cash or a cash equivalent. <u>See</u> sec. 71(b)(1). A check or money order that is payable on demand is a cash equivalent. <u>See</u> sec.1.71-1T(b), Q&A-5, Temporary Income Tax Regs, 49 Fed. Reg. 34455 (Aug. 31, 1984). Transfers of services or property do not qualify as alimony payments. <u>Id.</u>

Petitioner's argument that the transfer of $80,000 (the fair market value of the Sweet Briar property) was deductible as an alimony payment fails because it was not a payment in cash. Instead the transfer was a transfer of property and therefore does not constitute an alimony payment. Although petitioner and Mr. Williams agreed that petitioner's transfer of the Sweet Briar property would replace $80,000 of petitioner's alimony obligation, the intent of the parties does not determine the deductibility of a payment as alimony under section 71. <u>See</u> <u>Okerson v. Commissioner</u>, 123 T.C. 258, 264-265 (2004). Instead the test for

[*7] whether a payment is deductible as alimony is a straightforward, objective test that rests entirely on the fulfillment of explicit requirements set forth in section 71, including that the payment be made in cash or a cash equivalent. See sec. 1.71-1T, Temporary Income Tax Regs., supra. Accordingly, we sustain respondent's determination.

IV.     Section 6662 Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any portion of an underpayment of Federal income tax attributable to, among other things, a taxpayer's negligence or disregard of rules or regulations, or a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with regard to penalties for individuals and must go forward with sufficient evidence indicating that it is appropriate to impose such penalties. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Respondent has computed the deficiency, and the understatement of income tax is greater than 10% of the tax required to be shown on petitioner's 2011 return,

**[\*8]** which is greater than $5,000.  Thus, respondent's burden of going forward has been satisfied.

The section 6662 accuracy-related penalty does not apply with respect to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to * * * [it]."  Sec. 6664(c)(1).  The decision whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  A taxpayer may be able to demonstrate reasonable cause and good faith by showing reliance on professional advice.  Id.  The taxpayer is generally charged with the knowledge of the law, such that ignorance of the law may not be a defense to the imposition of the accuracy-related penalty since the taxpayer must take reasonable steps to determine the law and apply it.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

Petitioner set forth no specific facts to show that she acted with reasonable cause and in good faith.  Petitioner was advised to seek the opinion of a tax professional when she signed her marital settlement agreement, but she did not offer any testimony or other evidence to show that she relied on professional tax advice.  See sec. 1.6664-4(b)(1), Income Tax Regs.  Petitioner merely testified that

**[*9]** she relied on her insurance company's characterization of the Sweet Briar property as investment property.  The insurance company did not provide tax advice, and the record does not reflect that it ever represented itself as a competent professional.  See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).  Accordingly, petitioner is liable for the accuracy-related penalty under section 6662(a) for the 2011 taxable year.

To reflect the foregoing,

Decision will be entered

for respondent.
